Joseph A. Gavagah, J.
Petitioner, a married woman, is also known as Gussie Kleiman. This proceeding, brought on by order to show cause, seeks to compel the Board of Elections to amend *673 the enrollment sheet of petitioner Gussie Kleiman, dated October 17, 1957, nunc pro tunc, to show said voter as enrolled in the Democratic party, or enrolling her, nunc pro tunc, in the Democratic party, or for such other relief as the court deems just.
No opposing papers have been submitted, but a representative of the Corporation Counsel’s office appeared in open court and urged denial of this application.
In her moving affidavit, the petitioner states that on October 17, 1957 she registered permanently but in filling out an enrollment slip she inadvertently failed to put an (X) in any one of the. three circles designating party enrollment. The reason given for such omission was that at the time of the registration the petitioner being enceinte was extremely nauseous and after filling out what she thought was a complete enrollment slip, became ill and was forced to return home. Petitioner subsequently attempted to participate in a Democratic primary and learned that she was not enrolled. She now moves to amend and asks this court for an order of mandamus to compel respondents to indicate that petitioner is presently and has been an enrolled Democrat.
Section 174 of the Election Law, effective April 18, 1956, requires that a voter when enrolling ‘ ‘ Make a cross X mark or a check V mark * * * in the circle under the emblem of the party with which you wish to enroll, for the purpose of participating in its primary elections during the next year. ’ ’
Further, section 186 (as amd. by L. 1955, ch. 41, eff. March 7, 1955) says in part: “if no cross marks arc found in any of the circles of any enrollment blank, the voter who used the enrollment blank thus deficient shall not be deemed to be enrolled.”
The applicant concedes that she did not mark the enrollment blank and therefore not having complied with the minimum requirements for a voter to follow substantially in order to enroll in any party, she was not legally enrolled (Hart v. Berger, 185 Misc. 682 ; 1934 Atty. Gen. [Inf.] 153 ; 1933 Atty. Gen. [Inf.] 177).
The question remaining for the court is may the petitioner now amend her enrollment.
Black’s Law Dictionary [3d ed.] defines the word “ amend ” as “ To correct or rectify or to free from error.”
Having recourse to the Election Law, we find subdivision 12 of section 187, effective April 16,1957, permits a voter to correct an enrollment under certain limited circumstances. The provisions pertinent to the issue before the court read in part as follows: “If, after being regularhj enrolled,in an election dis *674 tríct as a member of a party * * * a voter discovers he has made a mistake when enrolling, he may apply * * * for a correction of the mistake made by him when marking his enrollment blank ” (emphasis supplied).
The petitioner, never having marked her ballot cannot be considered as being enrolled in any party and therefore cannot now avail herself of the privileges granted under section 187.
While it is true that earlier statutes still in effect are to be read together with the new statutes which put into effect permanent personal registration, it is also true that the new provisions must be interpreted in the light of the purpose of such permanent registration. As thus interpreted, petitioner is afforded ample facility of enrollment. This court being mindful that we are in equity, finds itself without any authority to grant the relief sought. Accordingly, the application is in all respects denied.