In the Matter of HELEN FRINK et al., Respondents, v. MAMIE HILL et al., Appellants.— In a proceeding pursuant to section 330 of the Election Law, to invalidate a petition designating appellants Mamie Hill et al., as candidates for party positions in the Republican Party Primary Elections to be held on September 14, 1971, judgment of the Supreme Court, Kings County, dated September 2, 1971, which granted the petition, affirmed, without costs. No opinion. Rabin, P. J., Hopkins, Latham and Gulotta, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to dismiss the proceeding with the following memorandum: At the hearing below, four signatories, whose signatures were obtained by one notary public, testified that they were requested to sign the paper, but were not asked to and did not swear or affirm to the contents thereof. Five signatories, whose signatures were obtained by another notary, gave the same testimony. He had obtained 13 signatures. He testified that he had administered the required oath to each signatory. Three signatories, whose signatures were obtained by a third notary, also testified that they did not swear or affirm to the contents of the petition. As a result of the above testimony, Special Term held that fraud permeated the obtaining of all signatures by the three notaries involved and therefore invalidated 45 signatures. This left the nominating petition with 125 signatures,

i.e., 8 less than the necessary 133. In my opinion, it was error to invalidate 8 of the 13 signatures obtained by the notary who testified. Although the court could properly believe the testimony of the 5 signatories who testified that the notary had not administered the oath, it was improper for the court to infer therefrom that the oath was not administered to the remaining 8, especially in light of the notary's uncontradicted testimony to the contrary. The failure to take an oath is a technical irregularity invalidating only the signature to which such failure relates (*Matter of Caruso* v. *Casciola*, 27 N Y 2d 657, 658). It cannot be used as an inference to invalidate other signatures as to which there is no testimony, especially in light of the strong presumption of regularity which attaches to the acts of a notary public (28 Am. Jur.-2d, Evidence, § 172).