■ In the Matter of SANTINA R. ANDOLFI, Appellant-Respondent, v KENNETH K. ROHL, Respondent-Appellant, et al., Respondent. — In a proceeding, *inter alia,* to invalidate the petition designating Kenneth K. Rohl as a candidate in the Conservative Party Primary Election to be held on September 10, 1981 for the public office of County Court Judge, the cross appeals are from a judgment of the Supreme Court, Suffolk County (Kelly, J.), dated August 24, 1981, which, after a hearing, denied the petition. Judgment affirmed, without costs or disbursements. We conclude that the nominating petition contains a greater number of valid signatures than are required to sustain Mr. Rohl's position on the primary ballot. We find, however, based upon the testimony at the hearing, that all of the signatures contained on sheets numbered 47 and 92 of the designating petition must be stricken. Although we agree that the notaries who witnessed the signing of certain other pages of the designating petition substantially complied with their duty to administer oaths upon the taking of signatures on such sheets (see CPLR 2309; Election Law, § 6-132, subd 3), we find that the witnesses on the afore-mentioned two sheets failed to meet even the minimum standard of compliance. Notwithstanding the fact that the witness to sheet 92 testified that she did formally administer an oath to each of the four signatories, it appears that all she did was (1) inform each that she had to "swear" him and (2) have each state that he was who he purported to be. The witness to sheet 47 did the same thing, without any mention of the need to administer an oath. Since Special Term has already invalidated sheet 47 for other reasons, a reduction in Mr. Rohl's valid signatures of only four is necessary. Thus, the number of invalid signatures is increased to 98 and his valid signatures are reduced to 756, 32 signatures more than the amount required. Mollen, P. J., Hopkins, O'Connor and Weinstein, JJ., concur.

■ In the Matter of OWEN AUGUSTIN, Appellant, v BOARD OF ELECTIONS OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding to validate petitions designating the petitioner as a candidate in the Democratic Party Primary Election to be held on September 10, 1981 for the public office of Councilman from the 26th Councilmanic District, the appeal is from a judgment of the Supreme Court, Kings County (Slavin, J.), dated August 17, 1981, which, *inter alia,* dismissed the proceeding. Appeal dismissed, without costs or disbursements. The appellant has failed to properly perfect his appeal in that the minutes of the hearing in this matter have not been produced. These minutes are necessary to consider appellant's factual allegations. The appeal, therefore, must be dismissed. Mangano, J. P., Rabin, Margett and Thompson, JJ., concur.