■ In the Matter of IRWIN S. QUINTYNE et al., Petitioners, v WILLIAM CANARY et al., Constituting the Board of Elections of Suffolk County, Respondents. In the Matter of RUTH LEE et al., Appellants, v WILLIAM CANARY et al., Constituting the Board of Elections of Suffolk County, Respondents, and FRANK FLORIMONTE et al., Respondents-Respondents. — Appeal by petitioners-appellants, as limited by their brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated August 15, 1984, which denied their application to invalidate a petition designating various candidates for Liberal Party positions and granted an application to invalidate a petition designating them as candidates for various party positions in the Liberal Party primary election to be held on September 11, 1984.

Judgment modified, on the law and the facts, by denying the application to invalidate a petition designating petitioners-appellants as candidates for various Liberal Party positions, with the exception of members of the Liberal Party County Committee in Suffolk County, and granting that branch of appellants' application which sought to invalidate so much of a petition as designated Kathleen Drago as a candidate. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and the Board of Elections is directed to place petitioners-appellants' names on the appropriate ballots (except ballots for members of the Liberal Party County Committee in Suffolk County), and to remove Kathleen Drago's name from the appropriate ballot.

This appeal concerns cross applications to invalidate the designating petitions of various candidates of the Liberal Party in Suffolk County. Special Term invalidated the entire petition of the appellant candidates on the ground that the names and addresses of the candidates for County Committee were not listed on the cover sheet. As an alternate ground for invalidating the petition for the candidates in the 10th Assembly District, Special Term held that the cover sheet's misstatement by one signature of the number of signatures contained therein was a fatal defect, requiring invalidation of the petition.

We disagree.

Appellants do not contest invalidation of the designating petition with respect to the candidates for County Committee, but contend that the omission of their names and addresses from the cover sheet had no effect on the candidates for other positions who were correctly listed. Although strict compliance with the statutory mandates as to matters relating to the content of cover sheets is required (see Election Law, § 6-134, subd 2; *Matter of Hutson v Bass,* 54 NY2d 772), the presence of irregularities on the cover sheet as to some candidates does not invalidate the petition as to those candidates who are correctly listed (*Matter of Amalfitano v Sadowski,* 51 NY2d 719). Accordingly, Special Term incorrectly invalidated the petition of the remaining candidates.

Regarding the alternate ground for invalidating the designating petition of the remaining candidates from the 10th Assembly District, the cover sheet contained all the information required by subdivision 2 of section 6-134 of the Election Law. However, the total number of signatures was incorrectly stated on the cover sheet. The total number was overstated by one signature, albeit the actual number contained in the petition was more than the minimum required. There was no evidence of deliberate fraud. A "technical irregularity" such as the mathematical error in the instant case resulting in a cover sheet misstating the number of signatures by one does not justify invalidating the designating petition (*Matter of Hargett v Jefferson,* 104 AD2d 464).

Appellants also appeal from so much of the judgment as denied their application to strike the name of Kathleen Drago as a candidate for the Liberal Party State Committee, on the ground that she was not a duly enrolled member of the Liberal Party. The Board of Elections received her registration form on December 15, 1983. However, she did not designate a party on the enrollment blank. A registrant who fails to designate a party is not legally enrolled in any party (Election Law, § 5-302,

subd 3; *Matter of Joffe v Power,* 28 Misc 2d 672). Although an error in enrollment may be corrected within a year, and Kathleen Drago's corrected enrollment blank was received by the Board of Elections on June 13, 1984, she failed to submit the affidavit which must accompany an application to correct an error in enrollment (Election Law, § 5-306, subd 1). Her failure to comply with the clear mandate of the statute necessarily resulted in an invalid correction of enrollment. Accordingly, she was not duly enrolled in the Liberal Party, and appellants' application to strike her name as a candidate should have been granted.

Finally, appellants claim that each signature taken by Arthur Strauss, as a notary public, in the 1st, 4th, 5th, 7th, 8th and 11th Assembly Districts is invalid. Mr. Strauss did not ask the signatories to "swear" as to their identity, and appellants argue that all the designating petitions should have been invalidated for "lack of swearing * * * when taking the signatures".

We find, on the basis of the record before us, that Mr. Strauss complied with the requirements of administering an oath pursuant to CPLR 2309 (subd [b]). The record shows that he administered the oath in a form "calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious and ethical beliefs" (CPLR 2309, subd [b]). Further, the signature sheets contained the notarial statement required by subdivision 3 of section 6-132 of the Election Law, and the signatories read the statement and understood that they were affirming the statement in the petition as true. Accordingly, we affirm Special Term's determination insofar as it rejected the challenge to the designating petitions containing signatures collected by Mr. Strauss. Brown, J. P., Rubin, Lawrence and Eiber, JJ., concur.