SECOND DEPARTMENT, SEPTEMBER, 1992

(September 8, 1992)

■ In the Matter of ADOLPHUS C. FRAZIER, Respondent-Appellant, v JESUS N. LEON et al., Appellants-Respondents, et al., Respondent. (And Another Title.)—In consolidated proceed-

ings, *inter alia,* to validate a petition designating Adolphus C. Frazier as candidate in a primary election to be held on September 15, 1992, for the nomination of the Democratic Party as its candidate for the public office of State Senator from the 12th Senatorial District, and to invalidate that petition, Jesus N. Leon, Elton H. Golden, and Ada L. Smith appeal, as limited by their brief, from so much of the judgment of the Supreme Court, Queens County (Graci, J.), dated August 26, 1992, as, *inter alia,* denied their application to invalidate the petition designating Adolphus C. Frazier as a candidate and granted Frazier's application to validate that petition, and Adolphus C. Frazier cross-appeals, as limited by his brief, from so much of the same judgment as failed to dismiss the invalidation proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the cross-appeal is dismissed, without costs or disbursements.

The respondent-appellant is not aggrieved by the judgment as it granted his application to validate his designating petition, denied the application to invalidate, and directed that his name be placed on the ballot (CPLR 5511).

The appellants-respondents contend that the court erred in refusing to invalidate the designating petition of Adolphus C. Frazier upon the ground that all signatures witnessed by a certain Commissioner of Deeds should be invalidated because the Commissioner failed to take the oaths of the signatories. We find that the Supreme Court properly invalidated those 38 signatures that were witnessed by the Commissioner of Deeds and concerning which testimony was adduced at trial that the Commissioner failed to swear those signatories *(see, Matter of Boyle v New York City Bd. of Elections,* 185 AD2d 953; *Matter of Zunno v Fein,* 175 AD2d 935, 936). However, we find that the appellants-respondents' attempt, based on principles of permeation, to rebut the strong presumption of regularity that a public officer has performed the duty imposed upon him by law with respect to the remaining 323 signatures, was insufficient *(see, Matter of Rodriguez v Harris,* 51 NY2d 737, 738; *Matter of Caruso v Casciola,* 27 NY2d 657, 658; *Matter of Ogilvie v Salerno,* 77 AD2d 961, 962; *Matter of Napier v Salerno,* 74 AD2d 960). We note that as to the remaining signatures taken by the Commissioner, no testimony or affidavits were submitted *(cf., Matter of Haskell v Gargiulo,* 51 NY2d 747, 748; *Matter of Frink v Hill,* 37 AD2d 776, 777, *affd* 29 NY2d 657).

We have examined the appellants-respondents' remaining contention and find it to be without merit. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.