■ In the Matter of CHRISTINE A. IMRE, Respondent, v CRAIG M. JOHNSON, Appellant, et al., Respondents. [863 NYS2d 473]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Craig M. Johnson as a candidate in a primary election to be held on September 9, 2008, for the nomination of the Working Families Party as its candidate for the public office of State Senator for the 7th Senatorial District, in which Craig M. Johnson filed a cross petition to validate certain signatures found invalid by the Nassau County Board of Elections, Craig M. Johnson appeals, as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Murphy, J.), dated August 8, 2008, as, after a hearing, granted the petition, invalidated the designating petition, restrained the Nassau County Board of Elections from placing his name on the ballot, and dismissed the cross petition as untimely.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

"In the absence of a legal disqualification under Judiciary

Law § 14, a trial judge is the sole arbiter of the need for recusal, and his or her decision is a matter of discretion and personal conscience" (*Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 465, 466 [2006], citing *People v Moreno*, 70 NY2d 403, 405 [1987]). The appellant failed to set forth demonstrable proof of bias sufficient to warrant the conclusion that the Supreme Court Justice's refusal to recuse herself was an improvident exercise of discretion (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d at 466; *Modica v Modica*, 15 AD3d 635, 636 [2005]; *Matter of Firestone v Siems*, 272 AD2d 544, 545 [2000]; *Manhattan School of Music v Solow*, 175 AD2d 106, 108-109 [1991]).

The Supreme Court properly invalidated the 17 signatures that were witnessed by notary public Kevin Rantz and three of the signatures that were witnessed by notary public David Yellin. The record shows that Rantz and Yellin had neither taken the oaths of these signatories nor obtained any statements from them as to the truth of the statements to which they subscribed their names (*see Matter of Helfand v Meisser*, 22 NY2d 762 [1968]; *Matter of Donnelly v Dowd*, 12 NY2d 651 [1962]; *Matter of Leahy v O'Rourke*, 307 AD2d 1008, 1009 [2003]; *Matter of Merrill v Adler*, 253 AD2d 505 [1998]; *Matter of Zunno v Fein*, 175 AD2d 935 [1991]; *Matter of Andolfi v Rohl*, 83 AD2d 890 [1981]; *see also* CPLR 2309 [b]). Consequently, the appellant's designating petition did not contain a sufficient number of valid signatures.

In light of the foregoing, the appellant's remaining contentions do not warrant reversal. Spolzino, J.P., Ritter, Miller, Dillon and Angiolillo, JJ., concur.