■ In the Matter of STEPHEN D. KUTNER, Appellant, v NASSAU COUNTY BOARD OF ELECTIONS, Respondent, and CHANI MARKS et al., Respondents. [888 NYS2d 65]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 15, 2009, for the nomination of the Independence Party as its candidate for the public office of Member of the Nassau County Legislature, 3rd Legislative District, the petitioner appeals, as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Brown, J.), entered August 12, 2009, as, after a hearing, denied the petition to invalidate and dismissed the proceeding.

Ordered that the final order is affirmed insofar as appealed from, without costs or disbursements.

The appellant failed to meet his burden of establishing that the signatures on the petition for an opportunity to ballot, which were witnessed by Lawrence Nedelka, a notary public, should have been invalidated on the ground that Nedelka failed to obtain a statement from each signatory attesting to the truth of the matter to which he or she had subscribed his or her name (*see* Election Law § 6-132; *Matter of Liebler v Friedman*, 54 AD3d 697 [2008]; *Matter of Imre v Johnson*, 54 AD3d 427 [2008]; *Matter of Brown v Suffolk County Bd. of Elections*, 264 AD2d 489 [1999]; *Matter of Merrill v Adler*, 253 AD2d 505 [1998]; *Matter of Zunno v Fein*, 175 AD2d 935 [1991]). Nedelka testified at the hearing that he administered to each signatory an oath that was printed on an instruction sheet he carried while collecting signatures. The oath, which was offered into evidence, asks the signatory to swear or affirm, among other things, that he or she designates "the named person(s) on the petition as candidate(s) for the nomination of the party for public office." Although no particular form of oath is required (*see* CPLR 2309 [b]), this oath is more appropriate for a petition to designate a named person as a candidate (*see* Election Law § 6-132 [1]), rather than a petition for an opportunity to ballot, which seeks the opportunity to write in the name of a candidate in an uncontested primary (*see* Election Law § 6-164). Never-

theless, we are satisfied that the signatures were in substantial compliance with Election Law § 6-132 (3) (*see Matter of Liebler v Friedman*, 54 AD3d at 697-698; *Matter of Brown v Suffolk County Bd. of Elections*, 264 AD2d at 489). Nedelka testified that when he introduced himself to each registered voter, he explained that he was carrying a petition requesting the opportunity to ballot and gave them the opportunity to review the petition before signing it. Under these circumstances, when each signatory took the oath, he or she would have clearly understood that the oath referred to the matter to which he or she had subscribed his or her name. Accordingly, the Supreme Court properly denied the petition to invalidate and dismissed the proceeding. Fisher, J.P., Santucci, Eng, Hall and Roman, JJ., concur.