■ In the Matter of NATHAN LEBRON, Respondent, v MATTHEW J. CLYNE et al., as Commissioners of the Albany County Board of Elections, Respondents, and GERALD D. JENNINGS et al., Appellants. [883 NYS2d 833]—

Per Curiam. Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 7, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming respondents Gerald D. Jennings, Betty Barnette, Leif C. Engstrom and Carolyn McLaughlin as Independence Party candidates for certain public offices in the City of Albany at the September 15, 2009 primary election.

Respondents Gerald D. Jennings, Betty Barnette, Leif C. Engstrom and Carolyn McLaughlin (hereinafter collectively referred to as respondents) are Democratic Party candidates seeking election to the respective public offices of Mayor, Treasurer, Chief Auditor and Common Council President in the City of Albany. Their names appeared on joint designating petitions

purporting to nominate them as Independence Party candidates for the aforesaid city offices at the September 15, 2009 primary election. A number of these petitions were not circulated by members of the Independence Party, but rather by notaries public or commissioners of deeds as authorized by Election Law § 6-132 (3). Petitioner, a citizen objector and aggrieved candidate for the office of Mayor, filed objections to the designating petitions with the Albany County Board of Elections. He subsequently commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petitions on the basis, among others, that the signatures of the persons signing the petitions in the presence of a notary public or commissioner of deeds were not obtained in accordance with the requirements of Election Law § 6-132 (3). Respondent Ellen Donovan, an Independence Party member and signatory to one of the designating petitions, and respondent Albany County Independence Committee (hereinafter collectively referred to as intervenors), intervened in this proceeding. Following joinder of issue, Supreme Court invalidated the subject petitions for noncompliance with the requirements of Election Law § 6-132 (3) and enjoined the Albany County Board of Elections from placing respondents' names on the ballot as Independence Party candidates at the primary election. Respondents and intervenors now appeal.

As stipulated by the parties, the signatories were not sworn, questioned about the statements contained in the petition or asked to affirm the truth of the information set forth therein. Nor did the notaries public and commissioners of deeds make any effort to obtain from the signatories either an affirmation or acknowledgment as to the truthfulness of their statements (see Election Law § 6-132 [3]; Matter of Liebler v Friedman, 54 AD3d 697, 697-698 [2008]; Matter of Imre v Johnson, 54 AD3d 427, 428 [2008]). Thus, Supreme Court properly invalidated the petitions.

Nor do we find that Election Law § 6-132 (3) unconstitutionally burdens intervenors' First Amendment rights of political expression and free association.* The oath or affirmation requirement at issue here is applicable only where a nonparty member, who is either a notary public or a commissioner of deeds, circulates a designating petition (see Election Law § 6-132 [3]). Rather than burdening the process for candidates seeking the nomination of a political party in which they are not

---

* The Attorney General's office was notified of the constitutional challenge, as required by Executive Law § 71 and CPLR 1012 (b), and has declined to intervene.

enrolled, the provision permitting circulation of petitions by notaries public or commissioners of deeds who are not party members is an additional avenue which expands access to the ballot, while safeguarding the integrity of the election process. Inasmuch as Election Law § 6-132 (3) is narrowly tailored to achieve this goal, we find no First Amendment violation.

Spain, J.P., Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.