■ In the Matter of ANN M. NOLIN et al., Appellants, v RICHARD MCNALLY, Respondent, et al., Respondents. [928 NYS2d 615]—

---

Per Curiam.

Respondent Richard McNally filed a designating petition with the Rensselaer County Board of Elections seeking to be nominated as the Independence Party candidate for the office of Rensselaer County District Attorney in the September 13, 2011 primary election. McNally acted as notary with respect to 195 individuals who signed his designating petition. Petitioner Ann M. Nolin signed McNally's designating petition and petitioner Joel Abelove is a candidate for the same office. After objections were filed with the Board, petitioners commenced this proceeding pursuant to Election Law § 16-102 to invalidate McNally's designating petition on numerous grounds, including fraud. Supreme Court dismissed the proceeding following a hearing, and this appeal ensued.

For the reasons set forth in *Matter of Harte v Kaplan* (87 AD3d 813 [2011] [decided herewith]), we reject petitioners' assertion that it was improper for McNally, as a party in interest, to notarize any signatures on his designating petition. Petitioners further argue that those individuals for whom McNally acted as the notary were not properly sworn and that, as a result, his designating petition should be declared invalid on the basis of fraud. We note that "a candidate's designating petition will only be invalidated on the ground of fraud if there is a finding that the entire designating petition is permeated with fraud" (*Matter of Drace v Sayegh*, 43 AD3d 481, 482 [2007]; *see Matter of Harris v Duran*, 76 AD3d 658, 659 [2010]; *Matter of Robinson v Edwards*, 54 AD3d 682, 683 [2008]) or "the candidate participated in, or can be charged with knowledge of, fraudulent activity" (*Matter of Kraham v Rabbitt*, 11 AD3d 808, 809 [2004]; *see Matter of Tapper v Sampel*, 54 AD3d 435, 436 [2008], *lv denied* 11 NY3d 701 [2008]). Notably, the burden is upon the party challenging the designating petition to demonstrate the existence of fraud by clear and convincing evidence (*see Matter of Harris v Duran*, 76 AD3d at 659; *Matter of Robinson v Edwards*, 54 AD3d at 683; *Matter of Kraham v Rabbitt*, 11 AD3d at 809).

Petitioners, in claiming fraud, rely solely upon Nolin's testimony at the hearing before Supreme Court. While Nolin testified that McNally did not formally "swear" her or her

husband or administer an oath prior to their signing of the designating petition, it has been held that this is not necessary in order to satisfy the requirements of Election Law § 6-132 (3) (*see Matter of Liebler v Friedman*, 54 AD3d 697, 698 [2008]; *Matter of Quintyne v Canary*, 104 AD2d 473, 475 [1984]). Rather, the dictates of the statute will be met if the notary informed the signers that, by signing the petition, they affirmed the truth of the matter to which they subscribed (*see Matter of Liebler v Friedman*, 54 AD3d at 698; *Matter of Brown v Suffolk County Bd. of Elections*, 264 AD2d 489 [1999], *appeal dismissed and lv denied* 93 NY2d 1012 [1999]; *Matter of Quintyne v Canary*, 104 AD2d at 475; *compare Matter of LeBron v Clyne*, 65 AD3d 801, 802 [2009]; *Matter of Imre v Johnson*, 54 AD3d 427, 428 [2008]). Here, Nolin testified that neither she nor her husband were asked to affirm the truth of the matter to which they subscribed and that McNally did not introduce himself or confirm the Nolins' identities until after they had signed the designating petition. However, no evidence was introduced at the hearing with respect to other individuals who signed the designating petition and for whom McNally acted as a notary. Thus, while McNally may not have acted in strict compliance with the statute in taking the signatures of Nolin and her husband, it has not been established that he acted fraudulently or did anything that would warrant invalidating the entire designating petition (*see Matter of Berney v Ragusa*, 76 AD3d 647, 648 [2010], *lv denied* 15 NY3d 704 [2010]; *Matter of Harris v Duran*, 76 AD3d at 659; *Matter of Perez v Galarza*, 21 AD3d 508, 509 [2005], *lv denied* 5 NY3d 706 [2005]; *compare Matter of Cirillo v Gardiner*, 65 AD3d 638 [2009]; *Matter of Tapper v Sampel*, 54 AD3d at 436). Accordingly, inasmuch as petitioners have failed to demonstrate by clear and convincing evidence that fraud permeated the designating petition, Supreme Court properly dismissed the proceeding.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.