■ In the Matter of Jane Bonner, Respondent, v Raymond D. Negron, Appellant, and Suffolk County Board of Elections, Respondent. [929 NYS2d 170]—

The appellant, Raymond D. Negron, filed a designating petition with the Suffolk County Board of Elections designating himself as a candidate in the primary election to be held on September 13, 2011, for the nomination of the Republican Party as its candidate for the office of Member of the Town Council of the Town of Brookhaven, 2nd Council District. Negron personally collected a number of the signatures on the designating petition, 25 to which he attested as a subscribing witness pursuant to Election Law § 6-132 (2), and 449 to which he attested as a notary public pursuant to Election Law § 6-132 (3). The petitioner, Jane Bonner, commenced the instant proceeding to

invalidate Negron's designating petition on the ground, inter alia, that he improperly attested to the signatures as a notary public since he did not obtain statements from each of the signers affirming the truth of the matter to which they subscribed their names, and that such conduct on his part constituted fraud requiring that the entire designating petition be invalidated. After a hearing, the Supreme Court determined that the signatures collected by Negron in his capacity as a notary public were invalid, as they were not obtained in accordance with Election Law § 6-132. Moreover, the Supreme Court invalidated Negron's designating petition on the ground that his conduct with regard to the signatures to which he attested in his capacity as a notary public constituted fraud in the procurement of the signatures. We reverse.

A notary public who collects signatures for a designating petition pursuant to Election Law § 6-132 (3) need not administer any particular form of oath to the signatories, nor must he or she ask the signatories to formally "swear" (see Matter of Kutner v Nassau County Bd. of Elections, 65 AD3d 643 [2009]; Matter of Liebler v Friedman, 54 AD3d 697 [2008]; Matter of Quintyne v Canary, 104 AD2d 473 [1984]). Rather, it is sufficient that the notary administer an oath which is "calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs" (CPLR 2309 [b]; see Matter of Liebler v Friedman, 54 AD3d at 698; Matter of Quintyne v Canary, 104 AD2d at 475), or "obtain[ ] a statement from each of the signatories as to the truth of the matter to which they subscribed their names" (Matter of Brown v Suffolk County Bd. of Elections, 264 AD2d 489 [1999]; see Matter of Helfand v Meisser, 22 NY2d 762 [1968], affg 30 AD2d 670 [1968]; Matter of LeBron v Clyne, 65 AD3d 801, 802 [2009]; Matter of Imre v Johnson, 54 AD3d 427, 428 [2008]; Matter of Merrill v Adler, 253 AD2d 505, 506 [1998]; Matter of Andolfi v Rohl, 83 AD2d 890 [1981]). When a notary public signs a designating petition, his or her signature and statements enjoy a "strong presumption of regularity" (Matter of Frazier v Leon, 186 AD2d 99, 100 [1992]; see Matter of Rittersporn v Sadowski, 48 NY2d 618, 619 [1979]; Matter of O'Dea v Bell, 242 AD2d 349, 350 [1997]; Matter of Boyland v Board of Elections in City of N.Y., 104 AD2d 463 [1984]; Matter of Napier v Salerno, 74 AD2d 960 [1980]).

Here, the petitioner presented testimony establishing that Negron witnessed six of the signatures on his designating petition in his capacity as a notary public without administering an oath in any form to the signatories or otherwise obtaining from

them a statement affirming the truth of the matter to which they subscribed their names. However, the petitioner failed to present any evidence which would rebut the strong presumption of regularity established with respect to the remaining 443 signatures which Negron witnessed in his capacity as a notary public. Furthermore, aside from the testimony pertaining to the six aforementioned signatures, the petitioner did not present any evidence which would rebut Negron's testimony that he obtained a statement from each of the signatories as to the truth of the matter to which they subscribed their names. Accordingly, contrary to the determination of the Supreme Court, the petitioner failed to establish that all of the signatures to which Negron attested in his capacity as notary public were obtained in violation of Election Law § 6-132 (3). Discounting the subject six signatures as invalid, the designating petition contained a sufficient number of valid signatures to support the petition. Moreover, even if all of the signatures to which Negron attested in his capacity as a notary public were invalidated, there remain 575 signatures on the designating petition left unchallenged by the petitioner that cannot be invalidated for failure to comply with Election Law § 6-132 (3) and, hence, more than the 500 required by the Election Law (see Election Law § 6-136).

Furthermore, the Supreme Court erred in determining that the petitioner met her burden of establishing by clear and convincing evidence that Negron participated in the fraudulent procurement of signatures such that the designating petition should be invalidated in its entirety (see generally Matter of Harris v Duran, 76 AD3d 658 [2010]; Matter of Testa v DeVaul, 65 AD3d 651 [2009]). "As a general rule, a candidate's designating petition will be invalidated on the ground of fraud only if there is a showing that the entire designating petition is permeated with fraud" (Matter of Volino v Calvi, 87 AD3d 657, 658 [2d Dept 2011]; see Matter of Ferraro v McNab, 60 NY2d 601, 603 [1983]; Matter of Harris v Duran, 76 AD3d 658, 659 [2010]; Matter of Drace v Sayegh, 43 AD3d 481, 482 [2007]). However, "[e]ven when the designating petition is not permeated with fraud, the petition generally will be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud" (Matter of Volino v Calvi, 87 AD3d 657, 658 [2011]; see Matter of Tapper v Sampel, 54 AD3d 435 [2008]; Matter of Drace v Sayegh, 43 AD3d at 482; Matter of Leonard v Pradhan, 286 AD2d 459 [2001]). Although Negron may not have acted in strict compliance with Election Law § 6-132 (3) in collecting six of the signatures, "it has not been established that he acted fraudulently or did anything that would warrant invalidating

the entire designating petition" (*Matter of Nolin v McNally*, 87 AD3d 804, 806 [3d Dept 2011]; *see Matter of Berney v Ragusa*, 76 AD3d 647 [2010]; *Matter of Harris v Duran*, 76 AD3d 658 [2010]; *Matter of McRae v Jennings*, 307 AD2d 1012 [2003]). There has been no finding that the subject six signatures were not authentic or that Negron failed personally to witness the subscription of any of the signatures to which he attested (*cf. Matter of Haskell v Gargiulo*, 51 NY2d 747 [1980]; *Matter of Cirillo v Gardiner*, 65 AD3d 638 [2009]; *Matter of Tapper v Sampel*, 54 AD3d 435 [2008]). Moreover, any irregularities relating to the designating petition did not rise to the level at which it could be said that the designating petition was permeated with fraud (*see Matter of Harris v Duran*, 76 AD3d 658 [2010]; *Matter of McRae v Jennings*, 307 AD2d 1012 [2003]). Accordingly, the Supreme Court should have denied the petition to invalidate the designating petition and dismissed the proceeding. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.