■ In the Matter of SHARON FUCHS et al., Respondents, v JOSEPH ITZKOWITZ et al., Appellants, et al., Respondent. [991 NYS2d 324]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition for an opportunity to ballot by providing for a write-in candidate pursuant to Election Law § 6-164 in a primary election to be held on September 9, 2014, for the nomination of the Conservative Party as its candidate for the public office of Member of the New York State Assembly for the 48th Assembly District, the appeal is from a final order of the Supreme Court, Kings County (Rothenberg, J.), dated August 15, 2014, which, after a hearing, granted the petition, inter alia, to invalidate the petition for an opportunity to ballot.

Ordered that the final order is affirmed, without costs or disbursements.

The Supreme Court properly invalidated the signatures that were witnessed by notaries public Michael Koenig and Ronald Agrachov. The record demonstrates that Koenig and Agrachov had neither administered an oath to the signatories "in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs" (CPLR 2309 [b]; see Matter of Bonner v Negron, 87 AD3d 737, 738 [2011]; Matter of Liebler v Friedman, 54 AD3d 697, 698 [2008]; Matter of Quintyne v Canary, 104 AD2d 473,

475 [1984]), nor obtained " 'a statement from each of the signatories as to the truth of the matter to which they subscribed their names' " (*Matter of Bonner v Negron*, 87 AD3d at 738, quoting *Matter of Brown v Suffolk County Bd. of Elections*, 264 AD2d 489, 489 [1999]; *see Matter of Helfand v Meisser*, 22 NY2d 762 [1968], *affg* 30 AD2d 670 [1968]; *Matter of LeBron v Clyne*, 65 AD3d 801, 802 [2009]; *Matter of Imre v Johnson*, 54 AD3d 427, 428 [2008]; *Matter of Merrill v Adler*, 253 AD2d 505, 506 [1998]; *Matter of Andolfi v Rohl*, 83 AD2d 890 [1981]). As such, the signatures to which they attested failed to substantially comply with Election Law § 6-132 (3). Accordingly, there was an insufficient number of valid signatures on the petition for an opportunity to ballot.

To the extent that the appellants are challenging the constitutionality of Election Law § 6-132 (3), they were required to preserve that issue for appellate review by timely raising it before the Supreme Court (*see generally Matter of Burkins v Scully*, 108 AD2d 743, 744 [1985]). Here, however, we need not determine whether the appellants preserved that issue for appellate review, since nothing in the record indicates that they provided the requisite notice to the Attorney General that they intended to challenge the constitutionality of a State statute (*see* Executive Law § 71 [3]; CPLR 1012 [b] [3]; *Matter of McGee v Korman*, 70 NY2d 225, 231-232 [1987]; *Futia v Westchester County Bd. of Elections*, 109 AD3d 958, 959 [2013]). Accordingly, we do not reach the merits of that challenge.

In light of our determination, we need not reach the petitioners' remaining contention, which was raised as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Matter of MacKay v Johnson*, 54 AD3d 428, 430 [2008]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.