In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Lisa Ghartey as a candidate in a primary election to be held on September 10, 2015, for the nomination of the Independence Party as its candidate for the public office of Family Court Judge, Dutchess County, Lisa Ghartey appeals from (1) a final order of the Supreme Court, Dutchess County (Brands, J.), dated August 5, 2015, which, after a hearing, granted the petition, invalidated the designating petition, and directed the Dutchess County Board of Elections to refrain from placing her name on the ballot, and (2) an order of the same court, also dated August 5, 2015, which denied her motion for leave to file a cross petition to invalidate a petition designating Tracy MacKenzie as a candidate in the primary election to be held on September 10, 2015, for the nomination of the Independence Party as its candidate for the public office of Family Court Judge, Dutchess County.
Ordered that the final order and the order are affirmed, without costs or disbursements.
The Supreme Court properly invalidated the signatures on the designating petition pertaining to Lisa Ghartey that were witnessed by notary Kristin White, Esq. The record demonstrates that White neither administered an oath to the signatories “in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs” (CPLR 2309 [b]; see Matter of Bonner v Negron, 87 AD3d 737, 738 [2011]; Matter of Liebler v Friedman, 54 AD3d 697 [2008]; Matter of Quintyne v Canary, 104 AD2d 473 [1984]), nor obtained “ ‘a statement from each of the signatories as to the truth of the matter to which they subscribed their names’ ” (Matter of Bonner v Negron, 87 AD3d at 738, quoting Matter of Brown v Suffolk County Bd. of Elections, 264 AD2d 489, 489 [1999]). Thus, Ghartey’s designating petition failed to substantially comply with the notary require *639 ments of Election Law § 6-132 (3) (see Matter of Fuchs v Itzkowitz, 120 AD3d 682 [2014]; Matter of Imre v Johnson, 54 AD3d 427 [2008]; Matter of Gravagna v Board of Elections of City of N.Y., 22 AD3d 776 [2005]; Matter of Leahy v O’Rourke, 307 AD2d 1008 [2003]). Accordingly, the signatures witnessed by White were invalid, and without those invalid signatures, there was an insufficient number of valid signatures on the designating petition pertaining to Ghartey.
Ghartey failed to preserve for appellate review her contention that Election Law § 6-132 (3) violates the United States and New York Constitutions (see Matter of Fuchs v Itzkowitz, 120 AD3d at 683). In any event, her contention is without merit (see Matter of LeBron v Clyne, 65 AD3d 801 [2009]).
The Supreme Court correctly denied, as untimely, Ghartey’s motion for leave to file a cross petition to invalidate the designating petition of the petitioner Tracy MacKenzie (see Election Law § 16-102; Matter of Ciotti v Westchester County Bd. of Elections, 109 AD3d 988 [2013]; Matter of Marino v Orange County Bd. of Elections, 307 AD2d 1011 [2003]). Ghartey’s motion was, in reality, an attempt to commence an otherwise time-barred proceeding addressing the validity of MacKenzie’s designating petition, which, contrary to Ghartey’s contention, cannot relate back to MacKenzie’s invalidating petition (see Matter of Flood v Schopfer, 20 AD3d 417 [2005]; Matter of Williams v Rensselaer County Bd. of Elections, 98 AD2d 938 [1983]).
Ghartey’s remaining contention, regarding the doctrine of unclean hands, is without merit.
Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.