*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 20, 2015                521453
_____

In the Matter of MELISSA
    VINCENT,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
LOUISE K. SIRA,
                    Respondent,
                    et al.,
                    Respondents.

(And Another Related Proceeding.)
_____


Calendar Date:  August 20, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

                    _____


        Law Offices of James E. Walsh, Ballston Spa (James E. Walsh
of counsel), for appellant.

        James E. Long, Albany, for Louise K. Sira, respondent.


                    _____


Per Curiam.

        Appeal from an order of the Supreme Court (Muller, J.),
entered August 4, 2015 in Fulton County, which, among other
things, partially granted petitioner's application, in a
proceeding pursuant to Election Law § 16-102, to declare invalid
the designating petitions naming respondent Louise K. Sira as the
Republican Party and Conservative Party candidate for the public
office of County Judge and Surrogate of Fulton County in the
September 10, 2015 primary election.

Respondent Louise K. Sira filed designating petitions seeking the Republican Party and Conservative Party nominations for the public office of County Judge and Surrogate of Fulton County in the September 10, 2015 primary election. Petitioner, a citizen objector, commenced a proceeding pursuant to Election Law § 16-102 seeking to declare Sira's designating petitions invalid. Following a hearing, at which Sira stipulated that her Conservative Party designating petition was invalid, Supreme Court, among other things, invalidated that designating petition, but dismissed that part of petitioner's application seeking to invalidate Sira's Republican Party designating petition. Petitioner now appeals.

Initially, we agree with petitioner that, by incorporating the specific objections filed by her with the Fulton County Board of Elections and her summary of those objections in her pleading, she properly pleaded her fraud claims with the requisite specificity in order to provide Sira with adequate notice of the allegations made against her (see CPLR 3016 [b]; Matter of Haygood v Hardwick, 110 AD3d 931, 931-932 [2013]; LaMarca v Quirk, 110 AD3d 808, 809-810 [2013]). Turning to the merits, petitioner limits her appeal to her challenges to Sira's Republican Party designating petition on the basis of fraud.[1] She first contends that, with respect to those signatures on the Republican Party designating petition that Sira herself witnessed as a notary public, because those signatories were not properly sworn (see Election Law § 6-132 [3]), the entire petition should be declared invalid on the basis of fraudulent conduct by Sira.

"A designating petition will be invalidated if the challenger shows, by clear and convincing evidence, that the

---

[1] Petitioner does not address that part of her proceeding that sought the invalidation of Sira's Republican Party designating petition due to allegations that certain signatories were not members of the Republican Party and that certain of Sira's subscribing witnesses should not have acted in that role. Accordingly, we deem any challenges in that regard to be abandoned (see Matter of Arcuri v Hojnacki, 32 AD3d 658, 659-660 [2006], lv denied 7 NY3d 707 [2006]).

entire petition is permeated with fraud or that the candidate participated in, or can be charged with knowledge of, fraudulent activity" (Matter of VanSavage v Jones, 120 AD3d 887, 888 [2014], lv dismissed 23 NY3d 1045 [2014], lv denied 24 NY3d 901 [2014] [internal quotation marks and citation omitted]; see Matter of Kraham v Rabbitt, 11 AD3d 808, 809 [2004]). Here, although Sira herself attested to 307 signatures on her designating petition as a notary public, which included an affirmation that the signatories had sworn that their statements were true, she admitted at the hearing that she had not administered an oath to the signatories or obtained a statement as to the truth of the matter to which they subscribed as required by Election Law § 6-132 (3) (see Matter of Bonner v Negron, 87 AD3d 737, 738 [2011]). Sira concedes that those 307 signatures are therefore invalid. However, we are unconvinced that Sira's actions amounted to fraud warranting invalidation of the entire designating petition. Notably, as a registered member of the Republican Party living in Fulton County, Sira was not required to attest to the signatures on her petition as a notary public; rather, Sira could have attested as a witness to the signatures, requiring only an affirmation that the signatories identified themselves as the individuals who signed the petition and that they signed the petition in the presence of the witness (see Election Law § 6-132 [2]). Significantly, there is no evidence that Sira did not witness the signatures she attested to or that the signatures were not authentic. Thus, in our view, it has not been established by clear and convincing evidence that, under these circumstances, invalidation of Sira's entire designating petition is warranted on this basis (see Matter of Bonner v Negron, 87 AD3d at 739-740; Matter of Nolin v McNally, 87 AD3d 804, 805-806 [2011]).

Petitioner also contends that Sira acted fraudulently by altering certain sheets of the designating petition after the sheets had been signed. Sira testified at the hearing that, after she had distributed petition sheets to the subscribing witnesses, she realized that several of the petition sheets identified the office that she was seeking as "Fulton County

Court Judge," with no reference to the office of Surrogate.[2] According to Sira, she was able to alert many of the witnesses, who added the words "and Surrogate" to the petition sheets prior to having them signed. Sira admitted, however, that she added the words "and Surrogate" to several petition sheets after the sheets had been signed. She explained that she realized that the title reference on her petition sheets was not complete after reading the Board's guidelines and decided to add the language to the already signed sheets in order to be more accurate. Sira's conduct in adding the language to the signed petition sheets was unauthorized and improper by law (see Election Law § 17-122 [8]), and the signatures on those sheets are clearly thereby rendered invalid.[3] Nonetheless, we agree with Supreme Court that petitioner failed to establish by clear and convincing evidence that Sira had acted fraudulently by adding the language to the petition sheets (see generally Matter of VanSavage v Jones, 120 AD3d at 888; Matter of Ragusa v Roper, 286 AD2d 516, 517 [2001], lv denied 96 NY2d 718 [2001]). Notably, the addition effected no material change and, again, there was no evidence undermining the accuracy and veracity of the underlying voter signatures.

Lahtinen, J.P., McCarthy, Garry and Lynch, JJ., concur.

---

[2] The offices of County Judge and Surrogate are combined in Fulton County, and all functions and duties of the Surrogate are performed by the County Judge (see Judiciary Law § 186). There was testimony proffered that the title of the office is County Judge/Surrogate.

[3] As the signatures obtained significantly exceeded the number required, this invalidation does not result in disqualification.

-5-                          521453

ORDERED that the order is affirmed, without costs.




                ENTER:

                Robert D. Mayberger
                Clerk of the Court