## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: August 20, 2015          521474
_____

In the Matter of JOHN MERTZ,
            Appellant,

    v                            MEMORANDUM AND ORDER

JAMES BRADSHAW,
            Respondent,
            et al.,
            Respondents.
_____

Calendar Date: August 20, 2015

Before: Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ.

_____

Roemer, Wallens, Gold & Mineaux, LLP, Albany (Michael R. Cuevas of counsel), for appellant.

M. Joe Landry, Schenectady, for James Bradshaw, respondent.

_____

Per Curiam.

Appeal from an order of the Supreme Court (Versaci, J.), entered August 5, 2015 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petitions naming respondent James Bradshaw as the Republican Party, Independence Party and Green Party candidate for the public office of Town Justice of the Town of Rotterdam in the September 10, 2015 primary election.

Respondent James Bradshaw filed designating petitions with the Schenectady County Board of Elections seeking to be nominated as the Republican Party, Independence Party and Green Party candidate for the public office of Town Justice of the Town of

Rotterdam in the September 10, 2015 primary election. Petitioner commenced this proceeding pursuant to Election Law § 16-102 to declare invalid, as is relevant to this appeal, those sheets of the designating petitions signed by Denise Bradshaw as commissioner of deeds, alleging that she failed to administer an oath to or obtain a statement of truth from the signers of said petitions whose signature she witnessed, contrary to her verification on those sheets. Following a two-day hearing, Supreme Court dismissed petitioner's application, and this appeal ensued.

The Election Law provides a much simpler process for a local party member to obtain petition support for a potential candidate than for an individual of either another political party or from outside the relevant political subdivision. A local party member may obtain petition signatures and affirm with a simple statement that the signatories "subscribed the same in my presence on the dates above indicated and identified himself or herself to be the individual who signed this sheet" (Election Law § 6-132 [2]). Where the petition is obtained by an individual other than a statutorily authorized local party member, however, the petition may be approved by a notary public or commissioner of deeds, but it is further required that each individual signatory be "duly sworn" (Election Law § 6-132 [3]).[1]

Here, Denise Bradshaw was gathering signatures on multiple party lines, and at issue are three lines in which she was not a duly registered party member. At the hearing, in addition to testimony from signatories that no oath or affirmation as to the truth of their statements was elicited prior to signing the petitions, Denise Bradshaw herself clearly acknowledged in her testimony that she had neither administered an oath to any signatory on the challenged petitions, nor had she asked any of

_____

[1] As Supreme Court found, this renders the petitioning process more cumbersome in the "real life situation" of carrying petitions door to door. Notably, however, this provision serves to "expand[] access to the ballot, while safeguarding the integrity of the election process" (Matter of LeBron v Clyne, 65 AD3d 801, 803 [2009]).

them to swear or affirm to tell the truth before signing. This is contrary to her attestation as a commissioner of deeds, which appears on the face of each sheet of the challenged designating petitions, as required pursuant to Election Law § 6-132 (3). As respondent argues, case law has established that not all of the formalities of an oath need be observed (see Matter of Bonner v Negron, 87 AD3d 737, 738 [2011]; Matter of Nolin v McNally, 87 AD3d 804, 806 [2011]). Nonetheless, we are constrained to find that the evidence did not support a finding of substantial compliance with the statutory requirements. Accordingly, the signatures collected by Denise Bradshaw are rendered invalid (see Matter of Caruso v Casciola, 27 NY2d 657, 657 [1970]; Matter of Hall v Dussault, 109 AD3d 679, 680 [2013]; Matter of Bonner v Negron, 87 AD3d at 738; Matter of Nolin v McNally, 87 AD3d at 806; Matter of Imre v Johnson, 54 AD3d 427, 428 [2008]). Consequently, the designating petitions for both the Republican Party and Independence Party do not contain a sufficient number of valid signatures and those designating petitions are invalid.[2]

Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ., concur.

_____

[2]    Although certain Green Party signatures are similarly invalidated, a sufficient number remain to allow James Bradshaw to appear on that party primary ballot. Further, we fully agree with Supreme Court that petitioner failed to establish by clear and convincing evidence that there was any fraudulent procurement of the signatures so as to warrant invalidating said Green Party designating petition in its entirety (see Matter of Vincent v Sira, ___ AD3d ___ [decided herewith]; Matter of Nolin v McNally, 87 AD3d 804, 806 [2011]).

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's application to declare invalid the designating petitions naming respondent James Bradshaw as the Republican Party and Independence Party candidate for the public office of Town Justice of the Town of Rotterdam in the September 10, 2015 primary election; application granted to said extent and said designating petitions declared invalid; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court