(September 8, 2016)

◼ In the Matter of MICHAEL VENDITTO, Appellant, v JOHN E. BROOKS et al., Respondents. [37 NYS3d 555]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating John E. Brooks as a candidate in a primary election to be held on September 13, 2016, for the nomination of the Women's Equality Party as its candidate for the public office of New York State Senator for the 8th Senatorial District, the petitioner appeals from a final order of the Supreme Court, Nassau County (Driscoll, J.), entered August 11, 2016, which, after a hearing, denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

Contrary to the petitioner's contention, the Supreme Court properly denied the petition, inter alia, to invalidate the signatures on the designating petition that were witnessed by notary public Kevin R. Johnston, Esq. (*see* Election Law § 6-132 [3]). The notary public testified that he introduced himself

to each signatory, and told each one that he was a notary public and that his or her signature had to be notarized. In addition, he explained to them what they were signing, and that by signing, they were affirming the truth of the statement printed on the designating petition. The notary public further testified that the signatories affirmed the truth of the statement on the designating petition, and acknowledged what they were doing. The court's credibility determinations, finding that the notary public was credible, and crediting his testimony over that of the signatories to the extent they conflicted, were supported by the record (see Matter of Felder v Storobin, 100 AD3d 11, 17 [2012]). Since the court had the advantage of hearing and seeing the witnesses, its assessment of their credibility is entitled to substantial deference (see Matter of Finn v Sherwood, 87 AD3d 1044, 1045 [2011]; Matter of Harris v Duran, 76 AD3d 658, 659 [2010]; Matter of Drace v Sayegh, 43 AD3d 481, 482 [2007]). Accordingly, the Supreme Court properly found that the oath was administered in a form "calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs" (CPLR 2309 [b]; see Matter of Bonner v Negron, 87 AD3d 737, 738 [2011]; Matter of Liebler v Friedman, 54 AD3d 697 [2008]; Matter of Imre v Johnson, 20 Misc 3d 1139[A], 2008 NY Slip Op 51800[U], *11 [Sup Ct, Nassau County 2008], affd 54 AD3d 427 [2008]), such that the notary public substantially complied with Election Law § 6-132 (3) (see Matter of Finn v Sherwood, 87 AD3d at 1045; Matter of Kutner v Nassau County Bd. of Elections, 65 AD3d 643, 644-645 [2009]; Matter of Liebler v Friedman, 54 AD3d at 697-698).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the petition, inter alia, to invalidate the designating petition and, in effect, dismissed the proceeding. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.