Matter of Dwyer v Pellegrino (2018 NY Slip Op 05911)





Matter of Dwyer v Pellegrino


2018 NY Slip Op 05911


Decided on August 23, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 23, 2018

527137

[*1]In the Matter of CHRISTOPHER DWYER et al., Appellants,
v
CHRISTINE PELLEGRINO et al., Respondents, et al., Respondents.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


James E. Walsh, Ballston Spa, for appellants.
Michael B. Bluth, Albany, for Christine Pellegrino and others, respondents.



MEMORANDUM AND ORDER
Per Curiam.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered August 13, 2018 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to, among other things, declare invalid the designating petition naming respondent Christine Pellegrino as the Independence Party candidate for the public office of Member of the Assembly for the 9th Assembly District in the September 13, 2018 primary election.
Respondent Christine Pellegrino filed a designating petition with the State Board of Elections seeking to be nominated as the Independence Party candidate for the public office of Member of the Assembly for the 9th Assembly District in the September 13, 2018 primary election. Petitioners filed written objections with the State Board challenging the validity of the designating petition on various grounds. Following a hearing before the State Board, 17 signatures were invalidated, leaving 191 remaining, one more than the 190 signatures required to receive the designation. Petitioners commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition. Supreme Court found that one of the challenged signatures was invalid, reducing the number of valid signatures to 190. Inasmuch as this figure matched the number of signatures needed, Supreme Court validated the designating petition and dismissed petitioners' application. Petitioners now appeal contending, among other things, that certain signatures on the designation petition are invalid due to the failure of two notary public witnesses to administer an oath or have the signatories affirm the truth of the statements to which they subscribed their names pursuant to Election Law
§ 6-132 (3).
"A notary public who collects signatures for a designating petition pursuant to Election Law § 6-132 (3) need not administer any particular form of oath to the signatories, nor must he or [*2]she ask the signatories to formally 'swear'" (Matter of Bonner v Negron, 87 AD3d 737, 738 [2011] [citations omitted]; see Matter of Nolin v McNally, 87 AD3d 804, 805-806 [2011]). "Rather, it is sufficient that the notary administer an oath which is calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs or obtain a statement from each of the signatories as to the truth of the matter to which they subscribed their names" (Matter of Bonner v Negron, 87 AD3d at 738 [internal quotation marks, brackets and citations omitted]; see Election Law § 6-132 [3]; Matter of Nolin v McNally, 87 AD3d at 806; Matter of Imre v Johnson, 54 AD3d 427, 428 [2008]). Moreover, "[w]hen a notary public signs a designating petition, his or her signature and statements enjoy a 'strong presumption of regularity'" (Matter of Bonner v Negron, 87 AD3d at 738, quoting Matter of Frazier v Leon, 186 AD2d 99, 100 [1992]).
Here, Pellegrino submitted to the State Board her designating petition, which contained a total of 208 signatures on 19 sheets [FN1]. At the top of each sheet was the required statement of each signatory that he or she is a duly enrolled voter of the Independence Party and entitled to vote in the upcoming primary election, that the signatory's residence is truly stated opposite his or her signature and, among other designations, that the signatory designates Pellegrino as a candidate for Member of the Assembly for the 9th Assembly District (see Election Law § 6-132 [1]). The record reflects that Timothy Hall and Crystal Lambert each collected signatures on different sheets of the designating petition as notary publics. Both testified that, when collecting signatures, they identified themselves to the signatories, the party line and the candidate for whom they were collecting signatures, and administered an oath whereby the signatories affirmed that they were the persons that they presented themselves to be and that they lived at the addresses where they claimed. The record also reflects that, at the bottom of the petition sheets, each attested to collecting the signatures on the sheets as notary publics. We agree with Supreme Court that the actions of the notary publics substantially complied with Election Law § 6-132 (3) and that the signatures collected by them are valid (see Matter of Finn v Sherwood, 87 AD3d 1044, 1045 [2011]; Matter of Kutner v Nassau County Bd. of Elections, 65 AD3d 643, 644-645 [2009]). Petitioners' remaining arguments, to the extent not specifically addressed herein, have been reviewed and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur.
ORDERED that the order and judgment is affirmed, without costs.



Footnotes

Footnote 1: The record reflects that the State Board invalidated one signature from sheet 2, 12 signatures from sheet 7, one signature from sheet 12, two signatures from sheet 13 and one signature from sheet 19, and Pellegrino has not challenged the invalidation of these 17 signatures.