Matter of Abinanti v Fulgenzi

2026 NY Slip Op 03096

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Thomas J. Abinanti, petitioner-respondent,

v

Carl Fulgenzi, Jr., et al., appellants, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04181, (Index No. 62275/26)

Betsy Barros, J.P.

Cheryl E. Chambers

Paul Wooten

James P. McCormack

Lisa S. Ottley, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Carl Fulgenzi, Jr., and Richard B. Benkwitt as candidates in a primary election to be held on June 23, 2026, for the nomination of the Conservative Party as its candidates for the public offices of Supervisor of the Town of Mount Pleasant and Superintendent of Highways of the Town of Mount Pleasant, respectively, Carl Fulgenzi, Jr., and Richard B. Benkwitt appeal from a final order of the Supreme Court, Westchester County (Rolf M. Thorsen, J.), dated April 24, 2026. The final order, after a hearing, granted the petition, among other things, to invalidate the designating petition and invalidated the designating petition.

ORDERED that the final order is affirmed, without costs or disbursements.

On April 17, 2026, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Carl Fulgenzi, Jr., and Richard B. Benkwitt as candidates in a primary election to be held on June 23, 2026, for the nomination of the Conservative Party as its candidates for the public offices of Supervisor of the Town of Mount Pleasant and Superintendent of Highways of the Town of Mount Pleasant, respectively. The petitioner alleged, among other things, that the signatories on Sheet No. 3 of the designating petition did not substantially comply with Election Law § 6-132(3). In a final order dated April 24, 2026, the Supreme Court, after a hearing, granted the petition, inter alia, to invalidate the designating petition and invalidated the designating petition. Fulgenzi and Benkwitt appeal.

The Supreme Court properly invalidated the signatures on the designating petition that were witnessed by notary Helen N. Keating. The record demonstrates that Keating neither administered an oath to the signatories "in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his [or her] religious or ethical beliefs" (CPLR 2309[b]; see Matter of MacKenzie v Ghartey, 131 AD3d 638, 638; Matter of Fuchs v Itzkowitz, 120 AD3d 682, 683; Matter of Liebler v Friedman, 54 AD3d 697, 697-698; Matter of Quintyne v Canary, 104 AD2d 473, 475), nor obtained "'a statement from each of the signatories as to the truth of the matter to which they subscribed their names'" (Matter of Bonner v Negron, 87 AD3d 737, 738, quoting Matter of Brown v Suffolk County Bd. of Elections, 264 AD2d 489, 489). Thus, the designating petition failed to substantially comply with the notary requirements of Election Law § 6-132(3) (see Matter of MacKenzie v Ghartey, 131 AD3d at 638; Matter of Fuchs v Itzkowitz, 120 AD3d at 683; Matter of Imre v Johnson, 54 AD3d 427, 428). Accordingly, the signatures witnessed by Keating were invalid, and without those invalid signatures, there was an insufficient number of [*2]valid signatures on the designating petition pertaining to Fulgenzi and Benkwitt.

In light of our determination, we need not reach the petitioner's remaining contention, which was raised as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545; Matter of Fuchs v Itzkowitz, 120 AD3d at 683; Matter of Abinanti v Duffy, 120 AD3d 668, 669).

BARROS, J.P., CHAMBERS, WOOTEN, MCCORMACK and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court