## (September 5, 1980)

■ In the Matter of CLAIRE M. WING et al., Respondents, v IRWIN ZUCKER, Appellant, et al., Respondents.—In a proceeding to invalidate petitions designating Irwin Zucker as a candidate in the Democratic Party primary election to be held on September 9, 1980 for the public office of Member of the State Senate from the 20th Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 18, 1980, which, *inter alia,* granted the application. By order dated September 4, 1980 this court remanded the matter to Special Term to make appropriate specific findings of fact with respect to its invalidation of appellant's designating petitions and held the appeal in abeyance in the interim. Special Term has now complied. Judgment affirmed, without costs or disbursements. The findings of fact are sufficient to sustain Special Term's determination. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.

## (September 8, 1980)

■ In the Matter of GORDON HASKELL, Respondent, v FRANK X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents, and BARRY HUROWITZ, Appellant.—In a proceeding, *inter alia,* to invalidate petitions designating Barry Hurowitz as a candidate in the Democratic Party primary election to be held on September 9, 1980, for the public office of Civil Court Judge for the 1st Municipal District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1980 which granted the application. By order dated September 4, 1980 this court reversed the judgment, on the law, dismissed the proceeding and directed the board of elections to place the name of Barry Hurowitz on the appropriate ballot (78 AD2d 528). On September 5, 1980 the Court of Appeals reversed the order of this court and remitted the case to this court for further proceedings (51 NY2d 747). Judgment affirmed, without costs or disbursements. On the basis of the facts found by Special Term, and in light of the decision by the Court of Appeals in this matter, we find no ground for reversal, and therefore, affirm. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.