OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be reversed, and the matters remitted to that court for consideration of the facts (CPLR 5613).
Special Term held that the petitions should be invalidated after finding that 12 of the signatories had not made the required affirmation. In addition, and more importantly, the court found that Steven Izzo, respondent’s brother, had misrepresented to a signatory, who did not speak English, that the petition related to a different candidate. The court also found that the candidate himself acted as a subscribing witness to at least one signature which had actually been taken by another person. Finally, the court noted that respondents failed to call subscribing witnesses under their control. Based on these factual determinations and the inferences expressly drawn therefrom the court concluded that all the petitions with signatures gathered by the subscribing witnesses involved in such fraud and irregularities were tainted and should be invalidated.
The Appellate Division erred in holding that this evidence was insufficient "as a matter of law” to support Special Term’s determination (cf. Matter of Mercorella v Benza, 37 NY2d 792). Here the instances of fraud found by Special Term go beyond the irregularities found in Matter of Rodriguez v Harris (51 NY2d 737; see, also, Matter of Caruso v Casciola, 27 NY2d 657) and permeate all the petitions obtained by the subscribing witnesses involved, reducing the number of valid signatures to less than that required.