■ In the Matter of MIRIAM MARTINEZ et al., Respondents, v LUIS A. OLMEDO, Appellant, et al., Respondent.—In a proceeding to invalidate a petition designating Luis A. Olmedo as a candidate in the Democratic Party primary election to be held on September 12, 1989, for the public office of Member of the New York City Council from the 27th Councilmanic District, and a cross proceeding to validate the petition, the appeal is from a judgment of the Supreme Court, Kings County (Levine, J.), dated August 11, 1989, which, after a hearing, granted the application and denied the cross application.

Ordered that the judgment is affirmed, without costs or disbursements.

At the hearing, at least three witnesses testified that although their names and addresses appear on the petition, the signatures were not theirs. Another witness testified that she never signed the petition for the appellant, and that the only paper she did sign was a large, white piece of paper which the appellant personally represented to her was a petition for Puerto Rican statehood. Several subscribing witnesses under the control of the appellant who were subpoenaed did not appear at the hearing. In addition, the appellant himself did not appear in court during the entire hearing, even though a process server testified that he had served him with a sub-

poena *(see, Turner Press v Gould,* 76 AD2d 906; *Scola v Morgan,* 66 AD2d 228; PJI 1:75).

Upon the record before us we find that there is sufficient evidence to support the determination that instances of fraud so permeate the designating petition as to render it invalid *(see, Matter of Haskell v Gargiulo,* 51 NY2d 747).

We have not considered the constitutional arguments raised by the appellant in reaching this conclusion *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 150; *People v Felix,* 58 NY2d 156). Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.