# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

118.1
CAE 11-02587
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF RICHARD A. SLISZ, CANDIDATE
FOR COUNCILMEMBER, THIRD WARD, CITY OF TONAWANDA,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

AUGUSTINE R. BEYER, CANDIDATE FOR COUNCILMEMBER,
THIRD WARD, CITY OF TONAWANDA, AND RALPH M. MOHR
AND DENNIS E. WARD, COMMISSIONERS, CONSTITUTING
THE ERIE COUNTY BOARD OF ELECTIONS,
RESPONDENTS-RESPONDENTS.

---

PETER A. REESE, BUFFALO, FOR PETITIONER-APPELLANT.

BOUVIER PARTNERSHIP, LLP, BUFFALO (EMILIO COLAIACOVO OF COUNSEL), FOR
RESPONDENT-RESPONDENT AUGUSTINE R. BEYER, CANDIDATE FOR COUNCILMEMBER,
THIRD WARD, CITY OF TONAWANDA.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 22, 2011 in a proceeding pursuant to the Election Law. The order, among other things, dismissed the petition.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion to dismiss is denied, the petition is reinstated and the matter is remitted to Supreme Court, Erie County, for further proceedings on the petition.

Memorandum: Petitioner, Richard A. Slisz, and Augustine R. Beyer (respondent) were candidates for the public office of Councilmember for the Third Ward in the City of Tonawanda (Councilmember office). Following the election on November 8, 2011, and after absentee, military and affidavit ballots were counted, the official results were that respondent had received 435 votes and petitioner had received 434 votes. Thirty-one ballots were deemed "Blank, Void & Scattering" ballots.

Petitioner commenced this special proceeding seeking, inter alia, a manual audit of the voter verifiable audit records of all the ballots cast in the general election for the Councilmember office. He contended that the scanning devices improperly tabulated an absentee ballot as a vote in favor of respondent when it should have been

registered as an " 'overvote' " and not counted for either candidate. In addition, petitioner contended that the scanning devices are not capable of detecting all of the marks that should be deemed valid votes pursuant to 9 NYCRR 6210.15, including symbols such as X, ✓, ➜, and ←. According to petitioner, the "obvious limitations" in the scanning devices, when combined with the one-vote margin of victory, created a substantial possibility that the winner of the election as reflected in the voting machine or system tally could change if a voter verifiable record audit were conducted.

Respondent filed a motion to dismiss the petition in lieu of answering it, contending that there was no voting machine error related to the alleged "overvote" absentee ballot inasmuch as both the voting machine and respondent Commissioners of the Erie County Board of Elections had accurately counted the vote as one for respondent. With respect to the 31 votes that were not counted for either candidate, respondent contended that petitioner had failed to establish any "material discrepancy" in the election results to warrant the manual audit sought by petitioner.

Although respondent did not cite a statutory basis for his motion to dismiss, we conclude that it was a CPLR 3211 (a) (7) motion to dismiss for failure to state a cause of action. When the parties appeared before Supreme Court for argument of the motion, petitioner's attorney stated that he had an expert who would testify concerning the capability of the voting machines to read the otherwise valid markings. After petitioner's attorney conceded that the questionable "overvote" ballot was clearly a vote for respondent, the court adjourned the proceeding in order to receive the results of the manual audit required by Election Law § 9-211 and 9 NYCRR 6210.18. At the next court appearance, respondent Commissioner Ralph M. Mohr testified that there were no unresolved discrepancies found during the mandatory audit, but the court refused to allow petitioner to cross-examine Mohr on the capability of the machines to read the votes that would be considered valid votes pursuant to 9 NYCRR 6210.15. Petitioner was also not afforded the opportunity to have his expert testify on that subject. The court granted respondent's motion and dismissed the petition, determining that petitioner had not met his burden of establishing the existence of a material discrepancy.

We agree with petitioner that the court erred in granting respondent's motion. Pursuant to Election Law § 16-113, the court, in a special proceeding brought by any candidate, may direct a manual audit of the voter verifiable audit records applicable to that candidate where either the mandatory audit required by Election Law § 9-211 and 9 NYCRR 6210.18 requires a further voter verifiable record audit of additional voting machines or "where evidence presented to the court otherwise indicates that there is a likelihood of a material discrepancy between such manual audit tally and such voting machine or system tally, or a discrepancy as defined in [section 9-208 (3)], which creates a substantial possibility that the winner of the

election as reflected in the voting machine or system tally could change if a voter verifiable record audit of additional voting machines or systems or of all voting machines or systems applicable to such election were conducted."

Here, it is undisputed that there were no unresolved discrepancies during the mandatory audit and thus no basis for a further verifiable record audit under Election Law § 9-211 or 9 NYCRR 6210.18. We also note that petitioner has not alleged any discrepancy as defined in Election Law § 9-208 (3). Thus, petitioner's only basis for the contention that there should be a manual audit is that there is "a likelihood of a material discrepancy between such manual audit tally and such voting machine or system tally" (§ 16-113 [2]). Because only one vote separated the two candidates, petitioner contends that there is a "substantial possibility that the winner of the election as reflected in the voting machine or system tally could change" (*id.*).

Pursuant to CPLR 103 (b), the procedures to be followed in special proceedings such as the instant proceeding "shall be the same as in actions, and the provisions of the [CPLR] applicable to actions shall be applicable to special proceedings." The procedures for special proceedings are found in CPLR article 4, which permits a motion to dismiss in lieu of an answer (*see* CPLR 404 [a]; *see also* CPLR 3211 [f]), but also provides for a hearing or a trial on issues of fact (*see* CPLR 409, 410). Only if no triable issues of fact are raised may a court make a summary determination following the hearing (*see* CPLR 409 [b]).

In Election Law special proceedings, as with other proceedings in which a party moves to dismiss the petition under CPLR 3211, the allegations of the petition must be deemed true (*see Matter of Landry v Mansion*, 65 AD3d 803, 804). In our view, "[p]etitioner[] [has] set forth sufficient allegations to avoid dismissal under the liberal standard applicable to CPLR 3211 motions" (*Matter of Fingar v Martin*, 68 AD3d 1435, 1436; *see generally Leon v Martinez*, 84 NY2d 83, 87-88). We thus conclude that the court erred in granting the motion to dismiss without affording petitioner the opportunity to present evidence, and we remit the matter to Supreme Court for further proceedings on the petition.

All concur except MARTOCHE, J., who concurs in the result in the following Memorandum: I respectfully concur in the result reached by the majority, namely, reversal of the order granting the motion of respondent Augustine R. Beyer to dismiss the petition and remittal of the matter to Supreme Court for further proceedings on the petition. The majority, however, in my view, does not provide sufficient guidance to Supreme Court on remittal. There is no question that the election was decided by one vote, and that there were 31 votes that were not counted for either candidate. Unfortunately, those 31 votes have not been segregated from the remaining votes, and thus it is not

possible for petitioner to examine only those 31 votes to determine if they erroneously were not counted in accordance with 9 NYCRR 6210.15. At a minimum, petitioner should be allowed to question representatives of the Erie County Board of Elections regarding the basis for the 31 uncounted votes and to present expert testimony on the issue of the capability of the voting machines to read otherwise valid markings.

Importantly, I note that the court erred in requiring petitioner to prove the actual existence of a material discrepancy in order to survive the pre-answer motion to dismiss. Rather, the correct burden of proof to survive the motion is for petitioner to show the likelihood of a material discrepancy between a manual audit tally and the voting machine or system tally (*see* Election Law § 16-113 [2]).

Entered:  February 10, 2012                      Frances E. Cafarell
                                                 Clerk of the Court