■ In the Matter of MICHELE GIORDANO, Appellant-Respondent, v WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, and VITO L. FAGA, JR., Respondent-Appellant. [60 NYS3d 394]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Michele Giordano as a candidate in a primary election to be held on September 12, 2017, for the nomination of the Republican Party as its candidate for the public office of Receiver of Taxes of the Town/Village of Harrison, the petitioner appeals, as limited by his brief, (1) from so much of a final order of the Supreme Court, Westchester County (Lubell, J.), dated August 7, 2017, as denied the petition, inter alia, to validate the designating petition and, in effect, dismissed the proceeding, and (2) from so much of an order of the same court dated August 15, 2017, as, upon reargument, adhered to its prior determination denying the petition, inter alia, to validate the designating petition and, in effect, dismissing the proceeding, and Vito L. Faga, Jr., cross-appeals from so much of the final order dated August 7, 2017, as denied, as academic, his motion to dismiss the petition, inter alia, to validate the designating petition.

Ordered that the cross appeal from the final order dated August 7, 2017, is dismissed, without costs or disbursements, as Vito L. Faga, Jr., is not aggrieved thereby; and it is further,

Ordered that the appeal from the order dated August 15, 2017, is dismissed as academic, without costs or disbursements, in light of the determination of the appeal from the final order dated August 7, 2017; and it is further,

Ordered that the final order dated August 7, 2017, is reversed insofar as appealed from, on the law, without costs or disbursements, so much of the order dated August 15, 2017, as, upon reargument, adhered to the prior determination denying the petition, inter alia, to validate the designating petition and, in effect, dismissing the proceeding is vacated, the petition is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended final order directing the Westchester County Board of Elections to place the petitioner's name on the appropriate ballot.

The petitioner filed a petition designating him as a candidate in a primary election for the nomination of the Republican Party as its candidate for the public office of Receiver of Taxes of the Town/Village of Harrison. The designating petition contained 377 signatures. Vito L. Faga, Jr., filed objections and, after reviewing the objections, the Westchester County Board of Elections (hereinafter BOE) sustained 200 objections, which left the petitioner with fewer than the 285 required signatures. Of the disputed signatures, the BOE invalidated 124 signatures on the ground that those signers had listed "West Harrison" or "Purchase" as their town, rather than listing their town as Harrison. The petitioner filed a validating petition with the Supreme Court, Westchester County, seeking, inter alia, to reinstate the 124 signatures which had been invalidated on that ground. In a final order dated August 7, 2017, the Supreme Court denied the petition and, in effect, dismissed the proceeding. In the final order, the court also denied, as academic, a motion by Faga to dismiss the validating petition.

A candidate's designating petition must set forth "the name of the signer, *his or her residence address, town or city* (except in the city of New York, the county), and the date when the signature is affixed" (Election Law § 6-130 [emphasis added]; *see* Election Law § 6-140 [1] [a]). Pursuant to the Election Law, "residence" shall be deemed to mean "that place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return," but does not specify the manner in which such address shall be recorded, except that customary abbreviations may be used (Election Law § 1-104 [22]; *see* Election Law § 6-134 [5]). However, the Election Law also provides that "[a] signature on a petition sheet shall not be deemed invalid solely because the address provided is the post office address of the signer provided that proof that such address is the accepted address of such signer is provided to the board of elections no later than three days following the receipt of specific objections to

such signature" (Election Law § 6-134 [12]). In addition, the Election Law specifies that a voter's registration record shall include, inter alia, both "[t]he residence address at which the voter claims to reside and post office address, if not the same" and "[t]he assembly district or ward and the election district in which such residence address is located" (Election Law § 5-500 [4] [d], [e]).

Here, the signers listed their post office addresses, which are the same addresses utilized by the BOE for mailing purposes. Further, the "walk lists" provided for the candidates' use in canvassing contain those address designations. The BOE asserts that its records also contain a five-digit code identifying the town, ward, and district for each address and that the codes for the addresses in question indicate that, for polling purposes, the addresses at issue lie within the Town of Harrison. The designating petition sets forth "the signer['s]" residence addresses, within the geographical boundaries of the Town of Harrison. Thus, under the particular circumstances of this case, the BOE should not have sustained the objections to the signatures at issue (see generally Matter of Berney v Bosworth, 87 AD3d 948, 949 [2011]; Matter of Curley v Zacek, 22 AD3d 954, 955-956 [2005]).

Although Faga's cross appeal must be dismissed on the ground that he is not aggrieved by the final order (see Rojas v Paine, 125 AD3d 742, 744 [2015]; Matter of Agam B. [Janna W.], 121 AD3d 1109 [2014]; Edgar S. v Roman, 115 AD3d 931, 931-932 [2014]; Mixon v TBV, Inc., 76 AD3d 144, 148-149 [2010]), his arguments are properly raised as an alternative ground for affirming the final order (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 546 [1983]). However, Faga's contentions are without merit.

Accordingly, the Supreme Court should have granted the petition to validate and directed the BOE to place the petitioner's name on the appropriate ballot. Rivera, J.P., Leventhal, Roman, Barros and Brathwaite Nelson, JJ., concur.