Matter of Toles v Quintana (2020 NY Slip Op 02751)





Matter of Toles v Quintana


2020 NY Slip Op 02751


Decided on May 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


560.1 CAE 20-00539

[*1]IN THE MATTER OF JORDAN D. TOLES AND JONATHAN D. RIVERA, PETITIONERS-APPELLANTS,
v
ROBERT QUINTANA, ERIE COUNTY BOARD OF ELECTIONS, JEREMY ZELLNER, AS COMMISSIONER OF THE ERIE COUNTY BOARD OF ELECTIONS, AND RALPH MOHR, AS COMMISSIONER OF THE ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS. 






VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PETITIONERS-APPELLANTS.
JOSEPH A. MATTELIANO, BUFFALO, AND JAMES OSTROWSKI, FOR RESPONDENT-RESPONDENT ROBERT QUINTANA. 


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered April 27, 2020 in a proceeding pursuant to Election Law article 16. The order denied the petition to invalidate the designating petition of respondent Robert Quintana. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this proceeding pursuant to Election Law article 16 seeking to invalidate the designating petition of respondent Robert Quintana as a Democratic candidate for the office of New York State Assembly Member for the 149th Assembly District. Quintana's designating petition, which contained 928 signatures, was submitted to respondent Erie County Board of Elections (Board). However, upon the Board's consideration of the objections that were registered by petitioner Jordan D. Toles, 681 of the signatures were invalidated, leaving 247 valid signatures. The parties agree that the designating petition must have at least 150 valid signatures for Quintana to secure a place on the ballot for the June 23, 2020 primary. Following a hearing, Supreme Court invalidated three additional signatures and otherwise denied the petition. At issue on this appeal are challenges to 96 signatures on the designating petition.
Petitioners contend that the court should have struck sheets 10, 13, and 16 from the designating petition because the subscribing witness, Quintana's daughter, committed fraud. At the hearing, petitioners presented testimony that three of the purported signers did not sign the designating petition. Quintana's daughter was subpoenaed but did not appear. The court struck the only two signatures on sheet 10 and one signature on sheet 16 but rejected petitioners' request to strike 26 additional signatures on sheets 13 and 16, holding that petitioners failed to establish that those sheets were the product of fraud.
We conclude that the court erred in refusing to strike the 26 signatures on sheets 13 and 16. Where a subscribing witness falsely swears to a designating petition sheet and does not testify at the hearing, the court may declare that all of the designating petition sheets subscribed by that witness are invalid (see Matter of Bloom v Power, 21 Misc 2d 885, 890 [Sup Ct, Kings County 1959], affd 9 AD2d 626 [2d Dept 1959], affd 6 NY2d 1001 [1959]; see also Matter of Haas v Costigan, 14 AD2d 809, 810-811 [2d Dept 1961], affd 10 NY2d 889 [1961]; Matter of Burns [Sullivan], 199 Misc 1005, 1007-1008 [Sup Ct, Queens County 1951], affd 278 App Div 1023 [2d Dept 1951], affd 303 NY 601 [1951]). Here, inasmuch as Quintana's daughter failed to [*2]testify at the hearing and petitioners established that three of the signatures on the designating petition had not been signed by the purported signer, we conclude that the court should have stricken the 26 signatures on sheets 13 and 16.
Petitioners also seek the invalidation of 45 printed signatures on the designating petition on the ground that they failed to correspond to the voter registration forms that petitioners obtained from the Board and submitted to the court as part of their case in chief. Given the illegibility of some of the printed signatures on the designating petition, the exact number of corresponding voter registration cards that petitioners submitted is unclear, but the parties agree in their briefs that petitioners submitted only 31 voter registration cards as part of their case in chief.
It is well settled that "[t]o prevent fraud and allow for a meaningful comparison of signatures when challenged, a signature on a designating petition should be made in the same manner as on that signatory's registration form" (Matter of Lord v New York State Bd. of Elections, 98 AD3d 622, 623 [2d Dept 2012]; see Matter of LaMarca v Quirk, 110 AD3d 808, 810 [2d Dept 2013]; Matter of Henry v Trotto, 54 AD3d 424, 426 [2d Dept 2008]). As the party attacking the validity of the designating petition, petitioners bore the burden of proof (see Matter of Salka v Magee, 164 AD3d 1084, 1087 [3d Dept 2018], lv denied 31 NY3d 914 [2018]; Matter of LaMendola v Mahoney, 49 AD2d 798, 798 [4th Dept 1975]). We conclude that, while petitioners established that 31 of the printed signatures that had a corresponding voter registration card showing a script signature should be stricken, petitioners failed to meet their burden with respect to the 14 printed signatures on the designating petition that lacked a corresponding voter registration card. Contrary to petitioners' contention, the letter from the Board's attorney stating that there was no voter information on file for some printed signatures was not in proper evidentiary form and thus was, without more, insufficient to shift the burden to Quintana.
In view of our determination that petitioners failed to meet their burden of proof with respect to the invalidity of 14 of the printed signatures, it is unnecessary to address their remaining arguments because Quintana would have a sufficient number of valid signatures to be placed on the ballot even if petitioners were to prevail on those contentions.
Entered: May 13, 2020
Mark W. Bennett
Clerk of the Court