Matter of Monto v Zeigler (2020 NY Slip Op 02753)





Matter of Monto v Zeigler


2020 NY Slip Op 02753


Decided on May 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND BANNISTER, JJ.


560.3 CAE 20-00555

[*1]IN THE MATTER OF JAMES J. MONTO, III, PETITIONER-RESPONDENT-APPELLANT,
v
JASON B. ZEIGLER, RESPONDENT-APPELLANT-RESPONDENT, AND ONONDAGA COUNTY BOARD OF ELECTIONS, RESPONDENT.






JOSEPH T. BURNS, WILLIAMSVILLE, FOR RESPONDENT-APPELLANT-RESPONDENT, AND JASON B. ZEIGLER, RESPONDENT-APPELLANT-RESPONDENT PRO SE.
COTE & VANDYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT.


 Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered May 5, 2020 in a proceeding pursuant to Election Law article 16. The order granted the petition to invalidate the designating petition of respondent Jason B. Zeigler. 
It is hereby ORDERED that said cross appeal is unanimously dismissed, the order is reversed on the law without costs, and the petition is dismissed.
Memorandum: In this proceeding pursuant to Election Law
§ 16-102, Jason B. Zeigler (respondent) appeals and petitioner cross-appeals from an order that, inter alia, invalidated a designating petition to place respondent on the primary election ballot for the Democratic Party as a candidate for Syracuse City Court Judge. Preliminarily, we reject respondent's contention on appeal that the proceeding was untimely commenced (see generally Matter of Parietti v Sampson, 117 AD3d 830, 832, 834-835 [2d Dept 2014]).
We agree with respondent, however, that Supreme Court erred in invalidating his designating petition after concluding that he had personally participated in fraudulent activity, which must be established by clear and convincing evidence (see Matter of Burman v Subedi, 172 AD3d 1882, 1883 [3d Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Duck v Mannion, 164 AD3d 1103, 1104 [4th Dept 2018], lv denied 31 NY3d 914 [2018]). That standard requires evidence that "makes it highly probable that what [a party] claims is what actually happened" (PJI 1:64), i.e., evidence " that is neither equivocal nor open to opposing presumptions' " (Matter of Seon v New York State Dept. of Motor Vehs., 159 AD3d 607, 613 [1st Dept 2018]), and it "forbids relief whenever the evidence is loose, equivocal, or contradictory" (George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 220 [1978] [internal quotation marks omitted]). Here, the court based its determination to invalidate the designating petition on the testimony of a single signatory, who stated that although respondent was the subscribing witness on the petition that she signed, her signature was actually witnessed by a younger man of a different race. While such evidence may warrant invalidation of a designating petition (see Matter of Haskell v Gargiulo, 51 NY2d 747, 748 [1980]; Matter of Mattice v Hammond, 131 AD3d 790, 790-791 [3d Dept 2015]), cross-examination of the signatory—during which she acknowledged signing four City Court petitions, including one for an individual whose description was similar to that of respondent—called her testimony on direct examination into question. Even granting due deference to the court's assessment of witness credibility (see generally Matter of Farrell v Cayuga County Bd. of Elections, 288 AD2d 844, 844 [4th Dept 2001]), we cannot conclude that the signatory's equivocal and self-contradictory testimony constituted clear and convincing evidence that respondent engaged in fraud (see George Backer [*2]Mgt. Corp., 46 NY2d at 220).
Petitioner's cross appeal must be dismissed on the ground that he is not aggrieved by the order (see Matter of Giordano v Westchester County Bd. of Elections, 153 AD3d 821, 823 [2d Dept 2017], lv denied 29 NY3d 915 [2017]; see generally National Fuel Gas Distrib. Corp. v Push Buffalo [People United for Sustainable Hous.], 104 AD3d 1307, 1308 [4th Dept 2013]). Although his contentions can still be considered as alternative grounds for affirmance on respondent's appeal (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Giordano, 153 AD3d at 823), we conclude that respondent's apparent failure to administer to one signatory "an oath . . . calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical
beliefs' " (Matter of Bonner v Negron, 87 AD3d 737, 738 [2d Dept 2011], quoting CPLR 2309 [b]) did not, on its own, constitute evidence of fraud requiring invalidation of his designating petition (see Matter of Vincent v Sira, 131 AD3d 787, 788-789 [3d Dept 2015], lv denied 25 NY3d 914 [2015]; Bonner, 87 AD3d at 739-740; Matter of Nolin v McNally, 87 AD3d 804, 805-806 [3d Dept 2011]). On the whole, the hearing testimony established that the subscribing witnesses, including respondent, substantially complied with the requirements of Election Law § 6-132 (3) (see Matter of Dwyer v Pellegrino, 164 AD3d 1088, 1089 [3d Dept 2018]; Matter of Finn v Sherwood, 87 AD3d 1044, 1045 [2d Dept 2011]). We therefore reverse the order and dismiss the petition.
Entered: May 13, 2020
Mark W. Bennett
Clerk of the Court