Matter of Saunders v Mansouri (2021 NY Slip Op 03157)





Matter of Saunders v Mansouri


2021 NY Slip Op 03157


Decided on May 18, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


532.1 CAE 21-00645

[*1]LISA SAUNDERS, PETITIONER-APPELLANT,
v
HORMOZ MANSOURI, AND ERIE COUNTY BOARD OF ELECTIONS, JEREMY ZELLNER AND RALPH M. MOHR, COMMISSIONERS OF AND CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS. 






LAW OFFICES OF JESSICA A. KULPIT, BUFFALO (JESSICA A. KULPIT OF COUNSEL), AND VANDETTE PENBERTHY LLP, FOR PETITIONER-APPELLANT.
BOCHIECHIO LAW PLLC, BUFFALO (JEFFREY T. BOCHIECHIO OF COUNSEL), FOR RESPONDENT-RESPONDENT HORMOZ MANSOURI.


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered May 3, 2021 in a proceeding pursuant to Election Law article 16. The order upheld the determination of respondent Erie County Board of Elections and denied the petition seeking, among other things, to invalidate the Democratic designating petition of respondent Hormoz Mansouri for office of Erie County Comptroller. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is granted, the designating petition is invalidated, and respondent Erie County Board of Elections is directed to remove respondent Hormoz Mansouri's name from the ballot as a candidate in the Democratic Party primary election for the office of Erie County Comptroller, to be held on June 22, 2021.
Memorandum: Petitioner appeals from an order that denied her petition seeking, inter alia, to invalidate a designating petition pursuant to which respondent Hormoz Mansouri (candidate) sought to be placed on the primary election ballot for the Democratic Party as the candidate for the office of Erie County Comptroller, and that upheld the determination of respondent Erie County Board of Elections (Board) validating the designating petition. We reverse.
"A candidate's designating petition will be invalidated on the ground of fraud if there is a showing that the entire petition is permeated with fraud" (Matter of Felder v Storobin, 100 AD3d 11, 15 [2d Dept 2012]; see Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [4th Dept 2018]; Matter of Haygood v Hardwick, 110 AD3d 931, 932 [2d Dept 2013]), or " 'where the candidate has participated in or is chargeable with knowledge of the fraud' " (Matter of Lavine v Imbroto, 98 AD3d 620, 620 [2d Dept 2012]; see Buttenschon, 164 AD3d at 1589; Matter of Valenti v Bugbee, 88 AD3d 1056, 1057 [3d Dept 2011]), "even if there are a sufficient number of valid signatures on the remainder of the designating petition" (Matter of Sgammato v Perillo, 131 AD3d 648, 651 [2d Dept 2015]). As the party seeking to invalidate the candidate's designating petition, petitioner has the burden of establishing fraud by clear and convincing evidence (see Matter of Monto v Zeigler, 183 AD3d 1294, 1295 [4th Dept 2020], lv denied 35 NY3d 904 [2020]; Felder, 100 AD3d at 16; Lavine, 98 AD3d at 621).
Here, we reject petitioner's contention that the candidate participated in or is chargeable with knowledge of any fraud (see Monto, 183 AD3d at 1295; Matter of Duck v Mannion, 164 [*2]AD3d 1103, 1104 [4th Dept 2018], lv denied 31 NY3d 914 [2018]). We conclude, however, that petitioner submitted clear and convincing evidence demonstrating that several subscribing witnesses attested to many signatures on the designating petition that they had not actually witnessed, and thus we agree with petitioner that the candidate's designating petition is permeated with fraud. The parties correctly agree that the candidate was required to obtain signatures from 600 voters registered in the Democratic Party (see Election Law § 6-136 [2] [d]; see also L 2021, ch 22, §§ 1, 4). Numerous subscribing witnesses, acting on the candidate's behalf, gathered 1,657 signatures, approximately 700 of which the Board invalidated. Petitioner challenged the signatures collected by five subscribing witnesses, who collected the overwhelming majority of the signatures on the designating petition; indeed, only slightly less than 200 valid signatures were collected by all of the other people who circulated petitions for the candidate. Supreme Court concluded that numerous signatures collected by those five subscribing witnesses were fraudulently procured for various reasons, including that there was no such voter, the voter had died, the voter had signed the designating petition more than once, or the voter was not the person who signed the designating petition. All five of those subscribing witnesses testified at a hearing on this petition, and each of them averred that he or she had obtained the signature of every witness on each sheet. The court declined to credit the testimony of those subscribing witnesses, and no other evidence was offered to support their version of the events. A hearing court's assessment of the credibility of witnesses is entitled to deference inasmuch as that court had the advantage of hearing and seeing the witnesses (see Matter of Finn v Sherwood, 87 AD3d 1044, 1045 [2d Dept 2011]; Matter of Harris v Duran, 76 AD3d 658, 659 [2d Dept 2010]; Matter of Drace v Sayegh, 43 AD3d 481, 482 [2d Dept 2007]) and, in any event, we do not disagree with the court's assessment of the credibility of the witnesses. In addition, the court compared the signatures of certain voters with the signatures that purported to be of those voters on the designating petition (see Matter of Trevisani v Karp, 164 AD3d 1586, 1587 [4th Dept 2018]; Felder, 100 AD3d at 18), and concluded that many of those signatures were not valid. Having independently reviewed those signatures and compared them to the records on file with the Board, we concur in the court's assessment.
Nevertheless, the court concluded that the designating petition was not permeated with fraud. We disagree. It is well settled that, "where the court finds misrepresentations in numerous instances, as it finds here, and nothing is [established] in rebuttal, it may well indulge in the presumption that there were many other misrepresentations and irregularities which time did not permit to be uncovered" (Matter of Bloom v Power, 21 Misc 2d 885, 892 [Sup Ct, Kings County 1959], affd 9 AD2d 626 [2d Dept 1959], affd 6 NY2d 1001 [1959]; see also Matter of Toles v Quintana, 183 AD3d 1290, 1291 [4th Dept 2020], lv denied 35 NY3d 905 [2020]; Matter of McHale v Smolinski, 133 AD2d 520, 520 [4th Dept 1987]). Consequently, we conclude that the designating petition is permeated with fraud and must be invalidated.
Entered: May 18, 2021
Mark W. Bennett
Clerk of the Court