Matter of Grynspan v Moore (2021 NY Slip Op 03214)





Matter of Grynspan v Moore


2021 NY Slip Op 03214


Decided on May 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


554.1 CAE 21-00644

[*1]In the Matterof the Application of HOWARD GRYNSPAN, PETITIONER-RESPONDENT,
v
JOEL MOORE, RESPONDENT-APPELLANT, AND ERIE COUNTY BOARD OF ELECTIONS, RESPONDENT-RESPONDENT. 






HOUSH LAW OFFICES, PLLC, BUFFALO (FRANK T. HOUSH OF COUNSEL), FOR RESPONDENT-APPELLANT. 
VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 2, 2021 in a proceeding pursuant to Election Law article 16. The order granted the petition and invalidated the designating petition of respondent Joel Moore. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the designating petition of Joel Moore (respondent) as a Democratic candidate for the office of City Court Judge, City of Buffalo. Respondent appeals from an order that, inter alia, granted the petition and invalidated his designating petition.
Initially, we note that respondent's notice of appeal is premature because it was filed prior to the service of a copy of the order from which the appeal was taken with notice of entry (see Nicotera v Allstate Ins. Co., 147 AD3d 1474, 1474-1475 [4th Dept 2017], lv denied 29 NY3d 907 [2017]; Matter of Danial R.B. v Ledyard M., 35 AD3d 1232, 1232 [4th Dept 2006]; see generally CPLR 5513 [a]). Nevertheless, in the exercise of our discretion and in the interest of judicial economy, we will address the merits of the appeal (see CPLR 5520 [c]; Nicotera, 147 AD3d at 1475; Danial R.B., 35 AD3d at 1232).
Contrary to respondent's contention, Supreme Court properly invalidated his designating petition on the basis of fraud. "As a general rule, a candidate's designating petition will be invalidated on the ground of fraud only if there is a showing that the entire designating petition is permeated with that fraud" (Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Perez v Galarza, 21 AD3d 508, 508-509 [2d Dept 2005], lv denied 5 NY3d 706 [2005]). "Even when the designating petition is not permeated with fraud, however, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated" (Buttenschon, 164 AD3d at 1589 [internal quotation marks omitted]; see Perez, 21 AD3d at 509). Here, petitioner established by clear and convincing evidence that respondent, as a subscribing witness, attested that he had witnessed certain signatures on the designating petition even though third parties had signed the petition on behalf of the person named as the signatory on the designating petition (see Matter of Burman v Subedi, 172 AD3d 1882, 1883 [3d Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Valenti v Bugbee, 88 AD3d 1056, 1058 [3d Dept 2011]) and that respondent attested to one signature although he was not "in the presence of the signator[y] when [she] signed the [designating] petition" (Matter of McHale v Smolinski, 133 AD2d 520, 520 [4th Dept [*2]1987]; see Election Law § 6-132 [2]; Matter of Tani v Luddy, 32 Misc 2d 53, 55 [Sup Ct, Westchester County 1961]). "Although we do not ascribe any nefarious motive to [respondent's] conduct, his actions still constituted a fraud" (Valenti, 88 AD3d at 1058). Thus, the court properly determined that respondent's participation in those acts warranted invalidation of the designating petition (see Burman, 172 AD3d at 1883-1884; Buttenschon, 164 AD3d at 1589; see also Matter of Flower v D'Apice, 104 AD2d 578, 578 [2d Dept 1984], affd 63 NY2d 715 [1984]). We have reviewed respondent's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: May 19, 2021
Mark W. Bennett
Clerk of the Court