Matter of Dearmyer v Stachura (2023 NY Slip Op 03259)

Matter of Dearmyer v Stachura

2023 NY Slip Op 03259

Decided on June 14, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

586 CAE 23-00904

[*1]IN THE MATTER OF LYNN DEARMYER, PETITIONER-APPELLANT,
v
DARRYL T. STACHURA AND ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS. 

PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), AND LAW OFFICES OF JESSICA A. KULPIT, FOR PETITIONER-APPELLANT. 
JAMES OSTROWSKI, BUFFALO, FOR RESPONDENT-RESPONDENT DARRYL T. STACHURA.

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered May 16, 2023, in a proceeding pursuant to Election Law article 16. The order dismissed the petition and directed respondent Erie County Board of Elections to place the name of respondent Darryl T. Stachura on the ballot for the June 27, 2023 primary election. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to, inter alia, Election Law article 16 seeking to invalidate the designating petition of Darryl T. Stachura (respondent) as a Democratic candidate for the office of Highway Superintendent of the Town of Cheektowaga. Respondent's designating petition, which contained 649 signatures, was submitted to respondent Erie County Board of Elections (Board). Upon consideration of petitioner's objections, the Board reduced the number of signatures to 551 and the parties thereafter stipulated to a reduction of five additional signatures. The parties agree that the designating petition required at least 500 valid signatures. Following a hearing, Supreme Court invalidated one signature, dismissed the petition for failure to prove a prima facie case of fraud, and ordered the Board to place the name of respondent for Highway Superintendent of the Town of Cheektowaga on all Democratic primary election ballots for the June 27, 2023 primary election. We affirm.
"Generally, a designating petition will only be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud" (Matter of Finn v Sherwood, 87 AD3d 1044, 1045 [2d Dept 2011]; see Matter of Saunders v Mansouri, 194 AD3d 1490, 1491 [4th Dept 2021], lv denied 36 NY3d 914 [2021]; Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [4th Dept 2018]). " 'Even when the designating petition is not permeated with fraud, however, when the candidate has participated in or is chargeable with knowledge of the fraud, the designating petition will generally be invalidated' " (Buttenschon, 164 AD3d at 1589; see Saunders, 194 AD3d at 1491), "even if there is a sufficient number of valid signatures independent of those [signatures] fraudulently procured" (Matter of Drace v Sayegh, 43 AD3d 481, 482 [2d Dept 2007]; see Saunders, 194 AD3d at 1491). Fraud must be proved by clear and convincing evidence (see Matter of Valenti v Bugbee, 88 AD3d 1056, 1057 [3d Dept 2011]).
Petitioner contends that the court should have struck sheets 11, 12, and 28 from the designating petition because the subscribing witness to the signatures on those sheets committed fraud. She does not contend that respondent participated in or had knowledge of the fraud (cf. Matter of Flower v D'Apice, 104 AD2d 578, 578 [2d Dept 1984], affd 63 NY2d 715 [1984]; [*2]Matter of Grynspan v Moore, 194 AD3d 1493, 1493-1494 [4th Dept 2021]).
At the hearing, petitioner presented testimony from a husband and wife establishing that the wife signed the designating petition for her husband. The subscribing witness conceded that she attested to having seen the husband sign the designating petition when she had not (see generally Election Law § 6-132 [2]). The court struck the husband's signature but rejected petitioner's request to strike all of the signatures on sheets 11, 12, and 28, which, if granted, would have reduced the number of valid signatures to below the 500-signature threshold. The court determined that petitioner failed to establish by clear and convincing evidence that the designating petition was permeated by fraud or that respondent participated in or was chargeable with knowledge of the fraud.
Although we " 'do not ascribe any nefarious motive to [the subscribing witness's] conduct,' " we agree with petitioner that " '[the subscribing witness's] actions still constituted a fraud' " (Grynspan, 194 AD3d at 1494; see Buttenschon, 164 AD3d at 1589; Valenti, 88 AD3d at 1058). However, we reject petitioner's contention that proof of that one instance of fraud required the court to strike sheets 11, 12, and 28 (see Matter of Overbaugh v Benoit, 172 AD3d 1874, 1876 [3d Dept 2019]; Matter of Powell v Tendy, 131 AD3d 645, 646 [2d Dept 2015]). "[O]ne fraudulent signature is not clear and convincing evidence that a designating petition is permeated with fraud" (Overbaugh, 172 AD3d at 1876). Thus, we conclude that petitioner failed to establish by clear and convincing evidence that the designating petition was permeated with fraud (see Matter of Mack v Joyner, 120 AD3d 415, 415 [1st Dept 2014], lv denied 23 NY3d 908 [2014]; Matter of Levine v Imbroto, 98 AD3d 620, 620-621 [2d Dept
2012]). Finally, we note that the invalidity of the husband's signature does not affect the overall validity of the designating petition.
Entered: June 14, 2023
Ann Dillon Flynn
Clerk of the Court