| **Matter of Thurston v Gates** |
|:---:|
| 2025 NY Slip Op 31624(U) |
| May 5, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512560/25 |
| Judge: Lawrence Knipel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At the Special Election Part 1 of the
Supreme Court of the State of New
York, held in and for the County of
Kings, at the Courthouse, at 360
Adams Street, Brooklyn, New York,
on the 5th day of May.

PRESENT:
HON. LAWRENCE KNIPEL,
                                    Justice.
-------------------------------------------------------------------X
IN THE MATTER OF THE APPLICATION OF JESSICA MARIE
THURSTON, CHARLOTTE BUCK,

                              OBJECTORS

LINCOLN RESTLER,

                        AGGRIEVED-CANDIDATE,

                              PETITIONERS,
                                                    Index No. 512560/25

            -against-

SABRINA N. GATES,

                              CANDIDATE,

and THE BOARD OF ELECTIONS IN THE CITY OF
NEW YORK,
                              RESPONDENTS,

For an Order Pursuant to Sections 16-100, 16-102 and 16-116 of the
Election Law, Declaring Invalid the Designating Petition Purporting to
Designate the Respondent-Candidate for the Public Office of Member
of the City Council of the City of New York from the 33rd Council District,
Kings County, State of New York, in the Democratic Party Primary Election
to be held on June 24, 2025, and Restraining the BOARD OF ELECTIONS
from Printing and Placing the Name of Said Candidate Upon the Official
Ballots of Such Primary Election.
-------------------------------------------------------------------X

The following e-filed papers read herein:                NYSCEF Doc. Nos.:

Order to Show Cause/Petition _____ _____      __1-7_____ _____

Other papers   8-15 (subpoenas),  Plaintiff's Exhibits 2-5 (SW affidavits)

1

[* 1]

Upon the foregoing papers. and after appearing for oral argument before the court on April 21, 2025 and a hearing on the record on April 24, 2025 in this proceeding commenced, pursuant to Election Law § 16-102, to invalidate the designating petition filed by respondent-candidate Sabrina N. Gates (respondent-candidate) for the Public Office of Member of the City Council of the City of New York from the 33rd Council District in Kings County, in the Democratic Party Primary Election to be held on June 24, 2025, the court rules as follows:

## Factual Background and Procedural History

On April 3, 2025, a designating petition was timely filed with respondent Board of Elections in the City of New York (the Board) on behalf of respondent-candidate for the above-referenced position. On or about April 7, 2025, general objections followed by specifications of objections were duly filed with the Board by petitioner-objectors Jessica Marie Thurston (Thurston) and Charlotte Buck (Buck). challenging the designating petition of respondent-candidate. On April 14, 2025, respondent-candidate commenced a proceeding, pursuant to Election Law § 16-102, seeking to validate her designating petition (Index No. 512472/25). On the following day, April 15, 2025, petitioner aggrieved-candidate Lincoln Restler[1] and objectors Thurston and Buck (collectively, petitioners) commenced the instant invalidating proceeding, pursuant to Election Law § 16-102, seeking an order declaring the underlying designating petition of the respondent-candidate

---

[1] On March 31, 2025, petitioner aggrieved-candidate Lincoln Restler filed a designating petition with the Board naming him as a candidate for Member of the New York City Council from the 33rd Council District in the Democratic Party Primary Election to be held on June 24, 2025.

2

[* 2]

invalid. Among other objections, which were referred to a line-by-line review before court-appointed special referees to conduct at the Board, the petitioners allege in their petition that various signatures are invalid because certain subscribing witnesses appearing on several petition sheets were not in fact present when the signatures were placed on the petition sheets. On April 21, 2025, the return date of the instant proceeding, petitioners filed with the court an offer of proof specifically challenging six subscribing witnesses. The court held a hearing on April 24, 2025 to address this issue.

Although petitioners contend that they are not alleging permeation with fraud or candidate involved fraud, they are nonetheless alleging that fraudulent activity occurred with regard to the four subscribing witnesses (i.e., that subscribing witnesses fraudulently and knowingly signed and submitted false witness statements) (*see Matter of Sgammato v Perillo*, 131 AD3d 648, 651 [2d Dept 2015]). It is well settled that "[f]raud must be proved by clear and convincing evidence" which "has been defined as proof that makes it highly probable that the alleged activity actually occurred" (*Matter of Ferreyra v Arroyo*, 35 NY23 127, 128 [2020] [internal quotation marks omitted]; *Matter of Felder v Storobin*, 100 AD3d 11, 16 [2d Dept 2012]; *Matter of Lavine v Imbroto*, 98 AD3d 620, 620 [2d Dept 2012]; *Matter of Robinson v Edwards*, 54 AD3d 682, 683 [2d Dept 2008]; *see also Matter of Saunders v Mansouri*, 194 AD3d 1490 [4th Dept 2021]; *Matter of Bishop v Leahey*, 194 AD3d 1250 [3d Dept 2021]).

3

During the hearing, petitioners' evidence primarily consisted of four affidavits.[2] First, petitioners submitted into evidence a notarized affidavit, dated April 9, 2025, from subscribing witness Joel Goldberger in which he avers that he signed the "Statement of Witness" section on the petition sheets annexed to his affidavit (volume KG2501995, sheets 7, 11, 12, 13, 14, 15, 16, 17, 18 and 20), but that he "was not personally present when the voters signed" and that he therefore did not witness the signatures. Petitioners additionally submitted a notarized affidavit, dated April 11, 2025, by subscribing witness Abraham Markowitz, attesting that he also was not personally present when the voters signed the petition sheets annexed to his affidavit (volume KG2501995, sheets 4, 5 and 6), and therefore did not witness the signatures contained therein. Petitioners submitted two additional notarized affidavits by subscribing witnesses Yitzchok Tessler (volume KG2501996, sheets 14-19) and Nathan Schwartz (volume KG2501996, sheets 1-11 and 20) in which each attested that they collected signatures with the "understanding" that the petition was for a campaign for children's safety and that it was "not entirely clear" to them (Tessler and Schwartz) that the petition at issue was for a political candidate.

Respondent-candidate argues that the affidavits are hearsay and therefore inadmissible. In response, petitioners contend that said affidavits are admissible under the declarations against penal interest exception to the hearsay rule. To qualify for admission into evidence as a declaration against the maker's penal interest, the following elements must be present: (1) the declarant must be unavailable as a witness at trial; (2) when the

---

[2] Although the petitioners proffered a video purportedly showing the collection of signatures, it was not admitted into evidence as petitioners failed to establish a foundation for same.

4

[* 4]

statement was made the declarant must be aware that it was adverse to his/her penal interest; (3) the declarant must have competent knowledge of the facts underlying the statement; and (4) and most importantly, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability (*see People v Thibodeau*, 31 NY3d 1155, 1158 [2018]; *People v Settles*, 46 NY2d 154, 167 [1978]; *People v Ellis* 198 AD3d 674, 676 [2d Dept 2021]; *People v Nicholson*, 108 AD2d 929, 930 [2d Dept 1985]).

The petitioners have failed to meet any of these requirements. In particular, they did not satisfy the first prong of unavailability. Although the petitioners secured so-ordered subpoenas for the four subscribing witnesses at issue to appear and testify before this court at the hearing on April 24, 2025, they neglected to submit affidavits of service or provide any evidence that the subpoenas were properly served on the witnesses. Nor have petitioners proffered any other admissible corroborating evidence independent of the statements contained in the affidavits (*see People v Nicholson*, 108 AD2d at 930). Moreover, as to the Goldberger and Markowitz affidavits, even if they were admissible, since the Subscribing "Statement of Witness" itself is deemed an affidavit (*see* Election Law 6-132), in essence, petitioners' proof merely consists of dueling affidavits which fails to meet the clear and convincing standard.

Furthermore, the court finds that petitioners have failed to establish that the statements contained within the Schwartz and Tessler affidavits were unambiguously made against penal interest, as campaign issues affecting the community, such as child safety,

5

[* 5]

may be raised to motivate voters to sign a petition. Additionally, Schwartz and Tessler's averments that they did not understand this to be a "petition for a political candidate" is contradicted by the following clear language appearing on top of each and every designating petition sheet:

## DEMOCRATIC PARTY
### Designating Petition - Kings County

To the Board of Elections: I the undersigned do hereby state that I am a duly enrolled voter of the Democratic Party and entitled to vote at the next primary election of such party, to be held on June 24th, 2025, that my place of residence is truly stated opposite my signature hereto, and I do hereby designate the following named persons as candidates for the nomination of such party for public office or for election to a party position of such party.

| NAMES OF CANDIDATE(S) | PUBLIC OFFICES | PLACES OF RESIDENCE |
|---|---|---|
| Sabrina N Gates | Council Member from the 33rd Council District Kings County City of New York | 42 Hicks Street, 1S Brooklyn, NY 11201 |

Additionally, even if the petitioners had met the requirements for the hearsay exception, the affidavits, without any other corroborating evidence (i.e., testimony of signatories) does not establish fraud by clear and convincing evidence warranting the invalidation of all the signatures that appear on the petition sheets on which subscribing witnesses Goldberger, Markowitz, Tessler and Schwartz appear.

Contrary to petitioners' assertion, drawing an adverse inference against the respondent-candidate based upon the failure of the four subscribing witnesses (who petitioners maintain were subpoenaed) to appear in court on April 24, 2025, is not warranted.[3] Generally, the failure of certain witnesses to appear in response to a

---

[3] Petitioners' request for an adverse inference rests on their claim that all of the subscribing witnesses are under the control of the respondent-candidate, as is typically the case. However, in this instance, two of the witnesses, Goldberger and Markowitz, provided affidavits to the petitioners on April 9 and April 11, 2025,

6

[* 6]

subpoena in an election case can justify the court's conclusion that their testimony would have been adverse to the respondent-candidate and supported petitioners' contentions (*see Haas v Costigan*, 14 AD2d 809, 810 [2d Dept 1961], *affd* 10 NY2d 889 [1961]; *Haskell v Gargiulo*, 51 NY2d 747, 748 [1980]; *Matter of Toles v Quintana*, 183 AD3d 1290, 1291 [4th Dept 2020]; *Martinez v Olmedo*, 153 AD2d 720 [2d Dept 1989]; *Matter of Adams v Klapper*,182 Misc2d 51,53 [1999], *affd* 264 AD2d 696 [2d Dept 1999]).

Here, however, as noted above, the petitioners failed to establish proof of service of these subpoenas upon the subscribing witnesses. Moreover, in election proceedings in which courts have imposed an adverse inference based upon a failure of subpoenaed subscribing witness to appear, such determinations were based upon other corroborating evidence such as the testimony from a signatory or other witnesses calling into question the veracity of the subscribing witness's statement that he/she was actually present when the signatures were affixed to the petition sheets (*see Matter of Toles*, 183 AD3d at 1291; *Matter of Martinez*, 153 AD2d at 720). Under these circumstances, unlike in the present case, the court was able to assess the credibility of such witnesses and determine whether to impute an adverse

just days after the designating petition was filed with the Board. This timing raises serious questions about whose control these witnesses were actually under when the subpoenas were allegedly issued.

7

inference based upon the subscribing witnesses' failure to appear to refute such testimony.

Accordingly, the court finds that petitioners have failed to establish, by clear and convincing evidence, a basis for invalidating the signatures on the designating petition sheets on which subscribing witnesses Goldberger, Markowitz, Tessler and Schwartz appear.[4]

ENTER FORTHWITH

J.S.C.

**HON. LAWRENCE KNIPEL
SUPREME COURT JUSTICE**

---

[4] The court notes that after the special referees conducted a line-by-line review of the specifications of objections, with the addition of de novo objections filed by the petitioner-candidate, of the signatures witnessed by Goldberger, 41 remain valid; by Markowitz, 21 remain valid; by Tessler, 27 remain valid; and by Schwartz, 64 remain valid.