Matter of Short v Hoak

2026 NY Slip Op 03025

May 13, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF THOMAS SHORT, PETITIONER-APPELLANT,

v

KAREN L. HOAK, ERIE COUNTY BOARD OF ELECTIONS, AND HOWARD JOHNSON AND RALPH MOHR, COMMISSIONERS OF AND CONSTITUTING THE ERIE COUNTY BOARD OF ELECTIONS, RESPONDENTS-RESPONDENTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 13, 2026

439.1 CAE 26-00862

Present: Whalen, P.J., Bannister, Greenwood, Nowak, And Hannah, JJ.

PENBERTHY LAW GROUP LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PETITIONER-APPELLANT.

LAVIN LAW PLLC, WILLIAMSVILLE (KATHARINE LAVIN OF COUNSEL), FOR RESPONDENT-RESPONDENT KAREN L. HOAK.

Appeal from an order of the Supreme Court, Erie County (Jorge S. deRosas, J.), entered April 23, 2026, in a proceeding pursuant to Election Law article 16. The order granted the motion of respondent Karen L. Hoak to dismiss the petition.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Election Law article 16 seeking to invalidate the designating petition of Karen L. Hoak (respondent) seeking to be placed on the primary election ballot for the Democratic Party as a candidate for the office of New York State Assembly, 149th District. Respondent moved to dismiss the petition pursuant to CPLR 404 (a) and 3211 (a) (7), and Supreme Court granted the motion without a hearing, finding that petitioner had failed to sufficiently plead permeation of fraud or respondent's participation in or knowledge of fraudulent conduct. We affirm.

Contrary to petitioner's contention on appeal, the court properly dismissed the petition without conducting an evidentiary hearing. "A candidate's designating petition will be invalidated on the ground of fraud if there is a showing that the entire petition is permeated with fraud . . . or where the candidate has participated in or is chargeable with knowledge of the fraud" (Matter of Saunders v Mansouri, 194 AD3d 1490, 1491 [4th Dept 2021] [internal quotation marks omitted]; see Matter of Buttenschon v Salatino, 164 AD3d 1588, 1589 [4th Dept 2018]). Here, even assuming that the allegations of the petition are true, as we must, and considering all reasonable inferences that could be drawn from those allegations, we conclude that dismissal is warranted (see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]; cf. Matter of Slisz v Beyer, 92 AD3d 1238, 1241 [4th Dept 2012]). Petitioner alleged only that a limited number of isolated signatures, representing approximately 2% of all signatures obtained by respondent, are or may have been affected by fraud (see Matter of Payne v Fleming, 286 AD2d 565, 565-566 [4th Dept 2001]; see also Matter of Dearmyer v Stachura, 217 AD3d 1454, 1455 [4th Dept 2023]; cf. Saunders, 194 AD3d at 1491-1492). Petitioner therefore failed to meet his burden of sufficiently alleging that respondent's designating petition was permeated with fraud (see Matter of Naples v Swiatek, 286 AD2d 567, 568 [4th Dept 2001], lv denied 96 NY2d 718 [2001]; see also Matter of Mack v Joyner, 120 AD3d 415, 415 [1st Dept 2014], lv denied 23 NY3d 908 [2014]; Payne, 286 AD2d at 565-566). Petitioner's further allegation that certain Commissioners of Deeds for the City of Buffalo, who acknowledged some of the signatures on the petition, had no power to act outside of that city is without merit (see Matter of Filosofos v Smolinski, 133 AD2d 517, 517 [4th Dept 1987], lv denied 70 NY2d 604 [1987]). [*2]Petitioner's remaining allegations, including those directed at respondent's alleged knowledge of or participation in any alleged fraud, are either impermissibly conclusory (see generally BL Doe 5 v Fleming, 199 AD3d 1426, 1427-1428 [4th Dept 2021]) or constitute errors apparent on the face of the petition rather than fraudulent representations (see generally Stephanie L. v House of the Good Shepherd, 186 AD3d 1009, 1010 [4th Dept 2020]).

Entered: May 13, 2026

Ann Dillon Flynn

Clerk of the Court